Erin N. Martinek, OSB No. 260352
5300 Meadows Road, Ste. 200
Lake Oswego, OR 97035
Phone: (503) 620-8900
Facsimile: (503) 620-4878
Emails: enm@buckley-law.com
*Of Attorneys for Petitioner Courtney McHill*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

Portland Division

| | |
|---|---|
| In re the Petition of:<br><br>COURTNEY ELIZABETH MCHILL,<br><br>Petitioner,<br><br>vs.<br><br>ANA KRIVOKAPIC,<br><br>Respondent. | Case No. _______________<br><br>VERIFIED PETITION FOR IMMEDIATE DECISION AND DETERMINATION OF WRONGFUL RETENTION OF MINOR CHILD UNDER ARTICLE 15 OF THE HAGUE CONVENTION |

The Convention on the Civil Aspects of International Child Abduction
done at the Hague on October 25, 1980;
International Child Abduction Remedies Act, 22 USC § 9001 *et seq*.

COMES NOW, Petitioner, Courtney McHill ("Ms. McHill" or "Petitioner"), by and through her attorney of record, Erin N. Martinek, and submits the following for the Court's consideration. Pursuant to Article 15 of the Convention on the Civil Aspect of International Child Abduction, ("Hague Convention"), respectfully Petitions the Court for an expedited decision regarding Respondent's, Ana Krivokapic ("Ms. Krivokapic" or "Respondent") wrongful retention, under Article 3 of the Hague Convention, of the parties' minor son, T.J.K. ("child" or "T.J.K.") from the United States and in Germany.

## I. INTRODUCTION

1. This Petition is filed pursuant to Article 15 of the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, reprinted in 51 Fed. Reg. 10494 (1986) ("Hague Convention" or "Convention"), a true and accurate copy is attached hereto as **Exhibit 1**.

2. The provisions of the Convention have been given full force and effect through the passage of the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq*.

3. The Convention came into effect on July 1, 1988, and was ratified by the United States and Germany on December 1, 1990. The Convention is a treaty between sovereign states and is therefore entitled to the same weight and deference as the Constitution of the United States.

4. The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed to or retained in any contracting state; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other contracting states. Hague Convention, Art. 1.

5. The Convention applies to cases where a child who is under the age of 16 years has been removed from their "habitual residence" in breach of the other parent's custodial rights, which were being exercised at the time of the wrongful retention of the child. Hague Convention, Art. 3.

6. Under Article 15 of the Hague Convention, a court considering a child's return may request that the applicant obtain a determination from the authorities of the child's state of habitual residence that the removal or retention was wrongful under Article 3. Hague Convention, Art. 15.

7. Therefore, pursuant to Article 15 of the Hague Convention, Petitioner seeks an expedited determination that Respondent's retention of the parties' minor child, T.J.K., in Germany is wrongful. This Petition is sought in accordance with the holdings of *Bartlett v. Brdlik*, No. 24-01174-SAG, 2024 WL 2846154 (D. Md. June 5, 2024) and under the Hague Convention.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction to make this determination under the Hague Convention, pursuant to 22 U.S.C. § 9003(a), allowing the Court to have concurrent original jurisdiction of actions under the Hague Convention, under federal question, pursuant to 28 U.S.C. § 1331, and under ICARA 42 U.S.C. § 11603(a) and (f)(1).

9. Both the United States of America and the Federal Republic of Germany ("Germany") are and all times relevant hereto, contracting States to the Hague Convention.

10. Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because prior to the wrongful retention, all parties and their minor child resided in Oregon for the applicable period of time, the parties have both exercised custodial rights in Oregon, and a substantial portion of the events giving rise to this action have occurred in Oregon.

## III. RELEVANT BACKGROUND AND FACTS

11. Petitioner and Respondent were married on July 16, 2021, in Berlin, Germany. A true and accurate copy of the parties' marriage certificate is attached hereto as **Exhibit 2**.

12. During their marriage, Petitioner and Respondent had one child, T.J.K, born in December 2022, in Belin, Germany. While Respondent physically birthed the child, Petitioner is also the child's mother pursuant to the parties' marriage under Oregon law.

13. The minor child is now three and a half (3 ½) years old.

14. T.J.K. has both American and German citizenship, and both Petitioner and Respondent have been named on the child's Certificate of Birth Abroad. A true and accurate copy of both the child's German Birth Certificate and Birth Abroad are attached hereto respectively as **Exhibits 3 and 4.**

15. The child resided in Berlin, Germany, for approximately the first five (5) months following birth, until June 5, 2023, whereafter the parties jointly moved to the United States as a family.

16. From June 6, 2023, onward, T.J.K. has exclusively lived in Oregon with his mothers (the parties).

17. T.J.K. has entirely integrated into his life in Oregon by being involved with friends and family, attending preschool for two years, receiving medical and dental care, and being wholly engaged in child related activities in Oregon.

18. Until June 2026, the parties and the child lived together as a family in Portland, Oregon.

19. On June 1, 2026, the parties separated, whereby Petitioner remained at 38711 E. Historic Columbia River Hwy Corbett, Oregon 97019, and Respondent moved to 2635 NE Liberty St. Portland, Oregon, 97211.

20. From the very beginning of the parties' separation, Petitioner and Respondent agreed to share joint custody of T.J.K. They also exclusively engaged in a 50/50 parenting time plan, whereby the parties engaged in a traditional 2-2-5 parenting plan, with the parties alternating weekends, and Petitioner having parenting time every Monday and Tuesday, and Respondent having parenting time every Wednesday and Thursday.

21. Over Summer 2026, Petitioner gave consent in writing for Respondent to travel with T.J.K. to Serbia to visit Respondent's family in Vranic, Serbia. The agreement was of

limited duration, from August 17, 2026, through August 27, 2026, with the understanding that Petitioner would have parenting time starting the day following their return, on August 28, 2026. A true and accurate copy of the text exchange between the parties documenting this agreement and corresponding flight information is attached hereto as **Exhibit 5**.

22. On August 16, 2026, Respondent signed a written statement confirming that she would return with T.J.K. from Serbia. A true and accurate copy of that agreement is attached hereto as **Exhibit 6**.

23. However, on August 25, 2026, Respondent informed Petitioner that she intended to extend her and the child's stay in Serbia for an additional month. Petitioner expressed her vehement objection to this and demanded Respondent return to the United States with their child, as was their agreement.

24. On August 27, 2026, Respondent and the child were supposed to return to the United States, but did not. Petitioner planned to be at the airport to see their child upon their return. That day, Respondent held the child in Vranic, Serbia, in violation of the parties' agreement.

25. Respondent informed Petitioner that she intended to remain in Serbia with the child and that they would not return to the United States.

26. Despite Petitioner's numerous pleas for them to return and objections to them staying there, Respondent remained in Serbia for the entire month of September 2026.

27. On or around September 23, 2026, Respondent informed Petitioner that she had unliterally made the decision to move with the child to Germany and had secured a place for them to live until the end of the year. A true and accurate copy of the parties' message documenting this exchange from September 23, 2026 are attached hereto as **Exhibit 7**.

28. On approximately October 2, 2026, Respondent moved with the child from Serbia to Berlin, Germany, continuing to reside outside of the United States, with the child and without Petitioner's consent.

29. Respondent's wrongful retention began on August 27, 2026 when she did not return to Oregon with the child.

30. On August 26, 2026, Petitioner filed an Oregon Custody matter, in the Multnomah County Circuit Court, case number 26DR14207. With the custody pleadings, Petitioner filed a motion for a Temporary Protective Order of Restraint ("TPOR"), prohibiting Respondent from interfering with the current placement, or status quo, of the child.

31. On September 15, 2026, the Court in Multnomah County granted Petitioner's Motion for TPOR and entered an Order prohibiting Respondent from, among other things, changing the child's place of residence and address, interfering with the child's daily schedule, interfering with parenting time, or from leaving the State of Oregon. A true and accurate copy of the Temporary Protective Order of Restrained is attached hereto as **Exhibit 8.**

32. On October 7, 2026, Petitioner filed her Application for the Return of the Minor Child from Germany to the United States, under the Hague Convention, (the "Application") in Germany. Respondent was officially served with these documents on October 15, 2026, in accordance with German law. The matter is currently pending before the Pankow Local Court in Berlin, Germany, where the next hearing is scheduled for November 12, 2026. A true and accurate copy of the Application and corresponding pleadings are attached hereto as **Exhibit 9.**

## IV. COURT'S AUTHORITY

33. Pursuant to Article 11 of the Convention, Petitioner's Application in Germany is to be resolved within approximately six (6) weeks from October 7, 2026. Accordingly, the Pankow Local Court in Berlin, Germany has set a hearing on the matter for November 12, 2026.

34. The Hague Convention specifically authorizes a formal request to Judicial Authorities in the country where the child was removed from, herein the United States of America, for a "decision or determination" on whether retention of a child was wrongful so that a court in the country which a child has been retained can identify whether removal and/or retention was wrongful under United States law. Article 15 of the Hague Convention provides in pertinent part:

> The judicial . . . authorities of a Contracting State may, prior to the making of an order for the return of the child, request that the applicant obtain from the authorities of the State of the habitual residence of the child a decision or other determination that the removal or retention was wrongful within the meaning of Article 3 of the Convention, where such a decision or determination may be obtained in that State.

35. Pursuant to ICARA 22 U.S.C. § 9001(f)(1), the term "authorities", as used in Article 15 of the Convention, when referring to the authorities of the state of the habitual residence of the child, includes courts and appropriate governmental agencies.

36. Accordingly, this Court, as a United States District Court, having jurisdiction in Multnomah County, Oregon, which is the location of the minor child's habitual residence at the time of the wrongful retention, is an enumerated authority specifically empowered by ICARA 22 U.S.C. § 9001(f)(1).

## V. CIRCUMSTANCES CONSITUTING WRONGFUL RETENTION

37. Pursuant to Article 3 of the Hague Convention, a petitioner must prove by a preponderance of the evidence that:

1) The child was a habitual resident in the petitioner's country immediately before the removal or retention;

2) The removal or retention breached their custodial rights under the country's law; and

3) At the time of the wrongful retention or removal, petitioner was or would have been exercising their custodial rights.

22 U.S.C. § 9003(e)(1)(A); *see also* *Monasky v. Taglieri*, 589 U.S. 68, 72 (2020).

**A. Habitual Residence**

38. The United States Supreme Court has held that a child's habitual residence is determined by examining the totality of the circumstances. *Monasky,* 589 U.S. at 76-78; *Nisbet v. Bridger*, 124 F.4th 577, 588 (9th Cir. 2024).

39. During the last three and a half years, the parties and the child have resided exclusively in Oregon. The child was fully integrated in all aspects of daily life in Oregon. The child attended school and extracurricular activities, participated in playdates, received medical and dental treatment, and resided with both of his parents in Oregon.

40. The "habitual residence" for T.J.K., as defined in Article 3 of the Hague Convention, is the United States, as it is the place where the child habitually resided prior to, and at the time Respondent wrongfully retained the child in Serbia, on August 27, 2026.

41. It should be undisputed that, under the totality of the circumstances, as of the date of the wrongful retention on August 27, 2026, and the United States was the child's home.

**B. Custody**

42. "Custody rights" under the Hague Convention include, "rights relating to the care of the person of the child, and in particular, the right to determine the child's place of residence." *See* Hague Convention, Art. 5(a).

43. A person's rights of custody "may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State." *See* Hague Convention, Art. 3.

44. Under Oregon law, and pursuant to Oregon Revised Statutes ("ORS") 109.067(1)(a), Petitioner is presumed to be the legal parent of T.J.K. because the child was born during the parties' marriage, and ever since his birth through to the wrongful retention, Petitioner has been actively caring for the child and raising him in Oregon.

45. Further, Petitioner has rights of custody of T.J.K. under the laws of the State of Oregon as the state of his habitual residence within the meaning of Articles 3 and 5 of the Convention.

46. Petitioner does not know of any person or institution not a party to the proceedings who has physical custody of the child or claims to have rights of parental responsibility, legal custody, physical custody, visitation, or parenting time rights with the child.

**C. <u>Exercise of Parental Custody</u>**

47. At the time of Respondent's wrongful retention of the child, Petitioner was still exercising custodial rights within the meaning of Articles 3 and 5 of the Convention, in that she had been exercising custody rights over the child since birth as the primary caretaker.

48. Further, Petitioner had been exercising a 50/50 parenting plan with Respondent, seeing T.J.K. 50% of the time.

49. The only reason Respondent and the child traveled to Europe, as Petitioner believed it, was to visit family for ten (10) days. Petitioner never rescinded any of her parental custodial rights.

50. At the time of Respondent's wrongful retention of the child from the United States, Petitioner had, and continues to have, rights of custody under Oregon law, such that

retention of the child from Oregon is a violation of Oregon law. Further, the Court in Oregon has already Ordered that the child's schedule, residence, interactions with the parents, schooling and day to day life remain as "status quo." The retention of the child anywhere other than in Oregon is a wrongful retention within the meaning of Articles 3 and 5 of the Hague Convention.

## VI. HAGUE PROCEDINGS PENDING IN GERMANY

51. On or about August 27, 2026, the minor child T.J.K., was unilaterally and wrongfully retained by Respondent in Vranic, Serbia, and later removed to Berlin, Germany without prior consent of Petitioner.

52. With the Hague Application proceeding in Germany, it is focused not on what custody arrangements would be in the child's best interests, but solely on determining whether the requirements of the Hague Convention are established such that, in accordance with the Convention, the child must be promptly returned by Germany to the United States so that custody can then be considered by a court in the child's habitual residence, in the United States, at the time of his retention.

53. Consequently, the instant Petition has been filed in the United States District Court for the District of Oregon to obtain a decision or determination pursuant to Article 15 of the Hague Convention in advance of the November 12, 2026 hearing in Germany, regarding the wrongfulness of the child's retention in Germany by Respondent.

54. Pursuant to Article 11 of the Convention, Petitioner's Application is expected to be resolved within approximately six (6) weeks of October 7, 2026, the date of which the action was commenced.

## VII. PROCEDURE IN U.S. DISTRICT COURT

55. The procedure in cases such as this should be summary and look only to the issue of whether the child has been wrongfully removed or retained from their country of habitual residence and not what the outcome of the proceedings should be. *Holder v. Holder*, 392 F.3d 1009, 1013 (9th Cir. 2004); Hague Convention, Art. 19.

56. Furthermore, the Hague Convention directs Contracting States to use the most expeditious procedures available to effectuate this. Hague Convention, Art. 2.

57. Neither the Hague Convention or ICARA specify when an evidentiary hearing must be held. However, the Ninth Circuit has recognized the district courts discretion to determine what procedure is appropriate for expeditious resolution. *Radu v. Shon*, 62 F. 4th 1165, 1173 (9th Cir. 2023) (holding that in cases governed by the Convention the court has discretion on whether to conduct an evidentiary hearing following remand).

58. Given the Convention's emphasis on prompt resolution and the pending proceedings in Germany, expedite consideration on the determination of wrongful retention under Article 15 is appropriate.

## VIII. ATTORNEY'S FEES AND COSTS

59. Petitioner has incurred significant attorneys' fees and costs resulting from the Respondent's wrongful retention of the child.

60. Pursuant to Article 26 of the Convention, and 22 U.S.C. § 9007, Petitioner respectfully requests she be awarded all reasonable attorney fees and costs incurred in this matter.

## IX. NOTICE OF HEARING

61. Pursuant to 22 U.S.C. §9003(c), Respondent will be given notice of any hearing pursuant to Oregon and any other applicable law.

## X. PRAYER FOR RELIEF

62. WHEREFORE, Petitioner respectfully requests that this Court:

1) Grant this Petition, and decide and determine in advance of the timeframe imposed by Article 11 of the Hague Convention, and in accordance with Article 15 of the Hague Convention, that Respondent's retention of the parties' minor child, T.J.K., was, and is, wrongful within the meaning of Article 3 of the Hague Convention;
2) Issue an order pursuant to Article 26 of the Convention, and 22 U.S.C. § 9007(b)(3), directing Respondent to pay Petitioner's attorney fees and costs incurred in this matter; and
3) Issue an order granting any such further relief as justice may require.

Respectfully submitted this 6th day of November, 2026

Erin N. Martinek, OSB No. 260352
enm@buckley-law.com
BUCKLEY LAW, P.C.
Of Attorneys for Petitioner

**VERIFICATION**

I, Courtney Elizabeth McHill, solemnly declare and affirm under the penalties of perjury and the laws of the United States of America, that I am the petitioner in the within action and have read the foregoing Petition and know the contents of the foregoing Petition are true, to the best of my knowledge, except as to those alleged upon information and belief.

Dated: ________________________

______________________________
Courtney Elizabeth McHill
Petitioner

HCCH
Connecter Protéger Coopérer Depuis 1893
Connecting Protecting Cooperating Since 1893
Conectando Protegiendo Cooperando Desde el 1893

## 28. CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION[1]

*(Concluded 25 October 1980)*

The States signatory to the present Convention,
Firmly convinced that the interests of children are of paramount importance in matters relating to their custody,
Desiring to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access,
Have resolved to conclude a Convention to this effect, and have agreed upon the following provisions –

### CHAPTER I – SCOPE OF THE CONVENTION

#### Article 1

The objects of the present Convention are –
*a)* to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and
*b)* to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

#### Article 2

Contracting States shall take all appropriate measures to secure within their territories the implementation of the objects of the Convention. For this purpose they shall use the most expeditious procedures available.

#### Article 3

The removal or the retention of a child is to be considered wrongful where –
*a)* it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
*b)* at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

The rights of custody mentioned in sub-paragraph *a)* above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

---

[1] This Convention, including related materials, is accessible on the website of the Hague Conference on Private International Law (www.hcch.net), under "Conventions" or under the "Child Abduction Section". For the full history of the Convention, see Hague Conference on Private International Law, *Actes et documents de la Quatorzième session (1980)*, Tome III, *Child abduction* (ISBN 90 12 03616 X, 481 pp.).

Article 4

The Convention shall apply to any child who was habitually resident in a Contracting State immediately before any breach of custody or access rights. The Convention shall cease to apply when the child attains the age of 16 years.

Article 5

For the purposes of this Convention –

*a)* "rights of custody" shall include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence;

*b)* "rights of access" shall include the right to take a child for a limited period of time to a place other than the child's habitual residence.

CHAPTER II – CENTRAL AUTHORITIES

Article 6

A Contracting State shall designate a Central Authority to discharge the duties which are imposed by the Convention upon such authorities.

Federal States, States with more than one system of law or States having autonomous territorial organisations shall be free to appoint more than one Central Authority and to specify the territorial extent of their powers. Where a State has appointed more than one Central Authority, it shall designate the Central Authority to which applications may be addressed for transmission to the appropriate Central Authority within that State.

Article 7

Central Authorities shall co-operate with each other and promote co-operation amongst the competent authorities in their respective States to secure the prompt return of children and to achieve the other objects of this Convention.

In particular, either directly or through any intermediary, they shall take all appropriate measures –

*a)* to discover the whereabouts of a child who has been wrongfully removed or retained;

*b)* to prevent further harm to the child or prejudice to interested parties by taking or causing to be taken provisional measures;

*c)* to secure the voluntary return of the child or to bring about an amicable resolution of the issues;

*d)* to exchange, where desirable, information relating to the social background of the child;

*e)* to provide information of a general character as to the law of their State in connection with the application of the Convention;

*f)* to initiate or facilitate the institution of judicial or administrative proceedings with a view to obtaining the return of the child and, in a proper case, to make arrangements for organising or securing the effective exercise of rights of access;

*g)* where the circumstances so require, to provide or facilitate the provision of legal aid and advice, including the participation of legal counsel and advisers;

*h)* to provide such administrative arrangements as may be necessary and appropriate to secure the safe return of the child;

*i)* to keep each other informed with respect to the operation of this Convention and, as far as possible, to eliminate any obstacles to its application.

CHAPTER III – RETURN OF CHILDREN

Article 8

Any person, institution or other body claiming that a child has been removed or retained in breach of custody rights may apply either to the Central Authority of the child's habitual residence or to the Central Authority of any other Contracting State for assistance in securing the return of the child.

The application shall contain –

*a)* information concerning the identity of the applicant, of the child and of the person alleged to have removed or retained the child;
*b)* where available, the date of birth of the child;
*c)* the grounds on which the applicant's claim for return of the child is based;
*d)* all available information relating to the whereabouts of the child and the identity of the person with whom the child is presumed to be.

The application may be accompanied or supplemented by –
*e)* an authenticated copy of any relevant decision or agreement;
*f)* a certificate or an affidavit emanating from a Central Authority, or other competent authority of the State of the child's habitual residence, or from a qualified person, concerning the relevant law of that State;
*g)* any other relevant document.

Article 9

If the Central Authority which receives an application referred to in Article 8 has reason to believe that the child is in another Contracting State, it shall directly and without delay transmit the application to the Central Authority of that Contracting State and inform the requesting Central Authority, or the applicant, as the case may be.

Article 10

The Central Authority of the State where the child is shall take or cause to be taken all appropriate measures in order to obtain the voluntary return of the child.

Article 11

The judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children.
If the judicial or administrative authority concerned has not reached a decision within six weeks from the date of commencement of the proceedings, the applicant or the Central Authority of the requested State, on its own initiative or if asked by the Central Authority of the requesting State, shall have the right to request a statement of the reasons for the delay. If a reply is received by the Central Authority of the requested State, that Authority shall transmit the reply to the Central Authority of the requesting State, or to the applicant, as the case may be.

Article 12

Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.
The judicial or administrative authority, even where the proceedings have been commenced after the expiration of the period of one year referred to in the preceding paragraph, shall also order the return of the child, unless it is demonstrated that the child is now settled in its new environment.
Where the judicial or administrative authority in the requested State has reason to believe that the child has been taken to another State, it may stay the proceedings or dismiss the application for the return of the child.

Article 13

Notwithstanding the provisions of the preceding Article, the judicial or administrative authority of the requested State is not bound to order the return of the child if the person, institution or other body which opposes its return establishes that –
*a)* the person, institution or other body having the care of the person of the child was not actually exercising the custody rights at the time of removal or retention, or had consented to or subsequently acquiesced in the removal or retention; or

*b)* there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.

The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views.
In considering the circumstances referred to in this Article, the judicial and administrative authorities shall take into account the information relating to the social background of the child provided by the Central Authority or other competent authority of the child's habitual residence.

Article 14

In ascertaining whether there has been a wrongful removal or retention within the meaning of Article 3, the judicial or administrative authorities of the requested State may take notice directly of the law of, and of judicial or administrative decisions, formally recognised or not in the State of the habitual residence of the child, without recourse to the specific procedures for the proof of that law or for the recognition of foreign decisions which would otherwise be applicable.

Article 15

The judicial or administrative authorities of a Contracting State may, prior to the making of an order for the return of the child, request that the applicant obtain from the authorities of the State of the habitual residence of the child a decision or other determination that the removal or retention was wrongful within the meaning of Article 3 of the Convention, where such a decision or determination may be obtained in that State. The Central Authorities of the Contracting States shall so far as practicable assist applicants to obtain such a decision or determination.

Article 16

After receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice.

Article 17

The sole fact that a decision relating to custody has been given in or is entitled to recognition in the requested State shall not be a ground for refusing to return a child under this Convention, but the judicial or administrative authorities of the requested State may take account of the reasons for that decision in applying this Convention.

Article 18

The provisions of this Chapter do not limit the power of a judicial or administrative authority to order the return of the child at any time.

Article 19

A decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue.

### Article 20

The return of the child under the provisions of Article 12 may be refused if this would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms.

## CHAPTER IV – RIGHTS OF ACCESS

### Article 21

An application to make arrangements for organising or securing the effective exercise of rights of access may be presented to the Central Authorities of the Contracting States in the same way as an application for the return of a child.
The Central Authorities are bound by the obligations of co-operation which are set forth in Article 7 to promote the peaceful enjoyment of access rights and the fulfilment of any conditions to which the exercise of those rights may be subject. The Central Authorities shall take steps to remove, as far as possible, all obstacles to the exercise of such rights.
The Central Authorities, either directly or through intermediaries, may initiate or assist in the institution of proceedings with a view to organising or protecting these rights and securing respect for the conditions to which the exercise of these rights may be subject.

## CHAPTER V – GENERAL PROVISIONS

### Article 22

No security, bond or deposit, however described, shall be required to guarantee the payment of costs and expenses in the judicial or administrative proceedings falling within the scope of this Convention.

### Article 23

No legalisation or similar formality may be required in the context of this Convention.

### Article 24

Any application, communication or other document sent to the Central Authority of the requested State shall be in the original language, and shall be accompanied by a translation into the official language or one of the official languages of the requested State or, where that is not feasible, a translation into French or English.
However, a Contracting State may, by making a reservation in accordance with Article 42, object to the use of either French or English, but not both, in any application, communication or other document sent to its Central Authority.

### Article 25

Nationals of the Contracting States and persons who are habitually resident within those States shall be entitled in matters concerned with the application of this Convention to legal aid and advice in any other Contracting State on the same conditions as if they themselves were nationals of and habitually resident in that State.

Article 26

Each Central Authority shall bear its own costs in applying this Convention.
Central Authorities and other public services of Contracting States shall not impose any charges in relation to applications submitted under this Convention. In particular, they may not require any payment from the applicant towards the costs and expenses of the proceedings or, where applicable, those arising from the participation of legal counsel or advisers. However, they may require the payment of the expenses incurred or to be incurred in implementing the return of the child.
However, a Contracting State may, by making a reservation in accordance with Article 42, declare that it shall not be bound to assume any costs referred to in the preceding paragraph resulting from the participation of legal counsel or advisers or from court proceedings, except insofar as those costs may be covered by its system of legal aid and advice.
Upon ordering the return of a child or issuing an order concerning rights of access under this Convention, the judicial or administrative authorities may, where appropriate, direct the person who removed or retained the child, or who prevented the exercise of rights of access, to pay necessary expenses incurred by or on behalf of the applicant, including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of the applicant, and those of returning the child.

Article 27

When it is manifest that the requirements of this Convention are not fulfilled or that the application is otherwise not well founded, a Central Authority is not bound to accept the application. In that case, the Central Authority shall forthwith inform the applicant or the Central Authority through which the application was submitted, as the case may be, of its reasons.

Article 28

A Central Authority may require that the application be accompanied by a written authorisation empowering it to act on behalf of the applicant, or to designate a representative so to act.

Article 29

This Convention shall not preclude any person, institution or body who claims that there has been a breach of custody or access rights within the meaning of Article 3 or 21 from applying directly to the judicial or administrative authorities of a Contracting State, whether or not under the provisions of this Convention.

Article 30

Any application submitted to the Central Authorities or directly to the judicial or administrative authorities of a Contracting State in accordance with the terms of this Convention, together with documents and any other information appended thereto or provided by a Central Authority, shall be admissible in the courts or administrative authorities of the Contracting States.

Article 31

In relation to a State which in matters of custody of children has two or more systems of law applicable in different territorial units –
*a)* any reference to habitual residence in that State shall be construed as referring to habitual residence in a territorial unit of that State;
*b)* any reference to the law of the State of habitual residence shall be construed as referring to the law of the territorial unit in that State where the child habitually resides.

Article 32

In relation to a State which in matters of custody of children has two or more systems of law applicable to different categories of persons, any reference to the law of that State shall be construed as referring to the legal system specified by the law of that State.

Article 33

A State within which different territorial units have their own rules of law in respect of custody of children shall not be bound to apply this Convention where a State with a unified system of law would not be bound to do so.

Article 34

This Convention shall take priority in matters within its scope over the *Convention of 5 October 1961 concerning the powers of authorities and the law applicable in respect of the protection of minors*, as between Parties to both Conventions. Otherwise the present Convention shall not restrict the application of an international instrument in force between the State of origin and the State addressed or other law of the State addressed for the purposes of obtaining the return of a child who has been wrongfully removed or retained or of organising access rights.

Article 35

This Convention shall apply as between Contracting States only to wrongful removals or retentions occurring after its entry into force in those States.
Where a declaration has been made under Article 39 or 40, the reference in the preceding paragraph to a Contracting State shall be taken to refer to the territorial unit or units in relation to which this Convention applies.

Article 36

Nothing in this Convention shall prevent two or more Contracting States, in order to limit the restrictions to which the return of the child may be subject, from agreeing among themselves to derogate from any provisions of this Convention which may imply such a restriction.

CHAPTER VI – FINAL CLAUSES

Article 37

The Convention shall be open for signature by the States which were Members of the Hague Conference on Private International Law at the time of its Fourteenth Session.
It shall be ratified, accepted or approved and the instruments of ratification, acceptance or approval shall be deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

Article 38

Any other State may accede to the Convention.
The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands.
The Convention shall enter into force for a State acceding to it on the first day of the third calendar month after the deposit of its instrument of accession.

The accession will have effect only as regards the relations between the acceding State and such Contracting States as will have declared their acceptance of the accession. Such a declaration will also have to be made by any Member State ratifying, accepting or approving the Convention after an accession. Such declaration shall be deposited at the Ministry of Foreign Affairs of the Kingdom of the Netherlands; this Ministry shall forward, through diplomatic channels, a certified copy to each of the Contracting States.
The Convention will enter into force as between the acceding State and the State that has declared its acceptance of the accession on the first day of the third calendar month after the deposit of the declaration of acceptance.

Article 39

Any State may, at the time of signature, ratification, acceptance, approval or accession, declare that the Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect at the time the Convention enters into force for that State.
Such declaration, as well as any subsequent extension, shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

Article 40

If a Contracting State has two or more territorial units in which different systems of law are applicable in relation to matters dealt with in this Convention, it may at the time of signature, ratification, acceptance, approval or accession declare that this Convention shall extend to all its territorial units or only to one or more of them and may modify this declaration by submitting another declaration at any time.
Any such declaration shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands and shall state expressly the territorial units to which the Convention applies.

Article 41

Where a Contracting State has a system of government under which executive, judicial and legislative powers are distributed between central and other authorities within that State, its signature or ratification, acceptance or approval of, or accession to this Convention, or its making of any declaration in terms of Article 40 shall carry no implication as to the internal distribution of powers within that State.

Article 42

Any State may, not later than the time of ratification, acceptance, approval or accession, or at the time of making a declaration in terms of Article 39 or 40, make one or both of the reservations provided for in Article 24 and Article 26, third paragraph. No other reservation shall be permitted.
Any State may at any time withdraw a reservation it has made. The withdrawal shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands.
The reservation shall cease to have effect on the first day of the third calendar month after the notification referred to in the preceding paragraph.

Article 43

The Convention shall enter into force on the first day of the third calendar month after the deposit of the third instrument of ratification, acceptance, approval or accession referred to in Articles 37 and 38.

Thereafter the Convention shall enter into force –

(1) for each State ratifying, accepting, approving or acceding to it subsequently, on the first day of the third calendar month after the deposit of its instrument of ratification, acceptance, approval or accession;

(2) for any territory or territorial unit to which the Convention has been extended in conformity with Article 39 or 40, on the first day of the third calendar month after the notification referred to in that Article.

Article 44

The Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 43 even for States which subsequently have ratified, accepted, approved it or acceded to it.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands at least six months before the expiry of the five year period. It may be limited to certain of the territories or territorial units to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 45

The Ministry of Foreign Affairs of the Kingdom of the Netherlands shall notify the States Members of the Conference, and the States which have acceded in accordance with Article 38, of the following –

(1) the signatures and ratifications, acceptances and approvals referred to in Article 37;

(2) the accessions referred to in Article 38;

(3) the date on which the Convention enters into force in accordance with Article 43;

(4) the extensions referred to in Article 39;

(5) the declarations referred to in Articles 38 and 40;

(6) the reservations referred to in Article 24 and Article 26, third paragraph, and the withdrawals referred to in Article 42;

(7) the denunciations referred to in Article 44.

In witness whereof the undersigned, being duly authorised thereto, have signed this Convention.

Done at The Hague, on the 25th day of October, 1980, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Kingdom of the Netherlands, and of which a certified copy shall be sent, through diplomatic channels, to each of the States Members of the Hague Conference on Private International Law at the date of its Fourteenth Session.

Standesamt

Neukölln von Berlin

12040 Berlin
25.03.2021
Frau Spielmann
Telefon 030.90239-2209
Telefax 030.90239-2577
ehe@bezirksamt-neukoelln.de

Vorgang Nr. 1347/20 EA

Standesamt Neukölln von Berlin, 12040 Berlin

Herr Ana Krivokapić
Frau Courtney Elizabeth McHill
Innstr. 4
12045 Berlin

**Bescheinigung über die Anmeldung der Eheschließung**
§ 13 Abs. 4 PStG

Es wurde festgestellt, dass die Voraussetzungen für die Eheschließung der nachstehend aufgeführten Personen vorliegen. Eine erneute Anmeldung ist erforderlich, wenn die Ehe nicht innerhalb von sechs Monaten nach der Mitteilung über die Prüfung der Ehevoraussetzungen geschlossen worden ist.

| | | |
|---|---|---|
| Eheschließende | Familienname, Geburtsname, Vornamen | Krivokapić, Ana |
| | Geburtstag | 26.03.1983 |
| | Anschrift | Innstr. 4, 12045 Berlin |
| | Familienname, Geburtsname, Vornamen | McHill, Courtney Elizabeth |
| | Geburtstag | 15.05.1981 |
| | Anschrift | Innstr. 4, 12045 Berlin |
| Eheschl | Gültigkeitsdatum der Anmeldung | 23.09.2021 |
| | Datum der Eheschließung | 16.07.2021 |
| Unterschrift | Berlin, 25.03.2021 (Spielmann, Standesbeamtin) | STANDESAMT NEUKÖLLN BERLIN 14 (Siegel) |
| vorgeseheneNF | Ehename oder gemeinsamer Familienname | |
| | Familienname, Geburtsname, Vornamen des Eheschließenden 1 | Krivokapić, Ana |
| | Familienname, Geburtsname, Vornamen des Eheschließenden 2 | McHill, Courtney Elizabeth |

Bescheinigung über die Anmeldung der Eheschließung ©Verlag für Standesamtswesen GmbH, Frankfurt am Main · Berlin 2017

11/121

# Geburtsurkunde

| | |
|---|---|
| Standesamt | Tempelhof-Schöneberg von Berlin |
| Registernummer | G 6032/2022 |

| | |
|---|---|
| Tag und Uhrzeit der Geburt | Berlin, 21.12.2022, 08:43 Uhr |

| | |
|---|---|
| | Kind |
| Geburtsname | Krivokapić |
| Vorname(n) | Tadej James |
| Geschlecht | männlich |

| | |
|---|---|
| 1. | Mutter |
| Familienname | Krivokapić |
| Geburtsname | |
| Vorname(n) | Ana |
| 2. | |
| Familienname | |
| Geburtsname | |
| Vorname(n) | |

| | |
|---|---|
| Ort, Tag | Berlin, 28.12.2022 |
| Urkundsperson | (Schulze, Standesbeamter) |

Siegel

STANDESAMT TEMPELHOF-SCHÖNEBERG 20 BERLIN

UNITED STATES OF AMERICA

DEPARTMENT OF STATE

*1013182*

1013182

# Consular Report of Birth Abroad

OF A CITIZEN OF THE UNITED STATES OF AMERICA

This is to certify that:

**TADEJ JAMES KRIVOKAPIC**

Sex MALE, born at BERLIN, GERMANY

On DECEMBER 21, 2022

Acquired United States CITIZENSHIP at birth as established by documentary evidence

Presented to the Consular Service of the United States at

BERLIN, GERMANY

On JANUARY 26, 2023

MOTHER/FATHER/PARENTS

COURTNEY ELIZABETH MC HILL

Date of Birth: MAY 15, 1981

ANA KRIVOKAPIC

Date of Birth: MARCH 26, 1983

Assistant Secretary for Consular Affairs

Date of Issuance: JANUARY 27, 2023

* 05-29336-23**

159-7933234

USA


Mint 7:09 PM 41%
Ana
have him the next weekend Sept. 4-8 that would be awesome. On the 8th we could both take him to school for his first day at SE Nuestra Escuela. And then you could have him the next weekend. Let me know if that works for you.
9:00 AM
We can then readjust to our previous schedule or just off set the weekends.
9:00 AM
Let me know what you think about that.
9:01 AM
?
9:39 AM
I'm not sure if you are reading my messages now but I would love a response.
9:40 AM
I think that will work, I have to look at the flights today
10:50 AM

Mint 7:09 PM 41%

Ana

10 days, Aug. 17- 27 look like they are doable. Then I can pick him up on Aug. 28th and have him through my weekend until Tuesday Sept. 1st. Then if I could have him the next weekend Sept. 4-8 that would be awesome. On the 8th we could both take him to school for his first day at SE Nuestra Escuela. And then you could have him the next weekend. Let me know if that works for you. 9:00 AM

We can then readjust to our previous schedule or just off set the weekends. 9:00 AM

Let me know what you think about that. 9:01 AM

? 9:39 AM

I'm not sure if you are reading my messages now but I would

Mint 7:08 PM 42%

Ana

when when I am home later.
2:28 PM

Did you use points? are we just keeping those separate and using as we would like?
2:29 PM

Can I have more details please?
6:57 PM

It's the usual KLM flights. Departing PDX on 8/17 at 1:05pm. Arriving PDX on 8/27 at 11:10 am. We won't need a lift to/from the airport. We will need Tadej's US passport to get back in the country.
Edited 10:40 PM

Sat, Aug 8

Ana I will need more communication with this trip if it is going to feel ok at all that yo[u] are going with him. Please
5:36 AM



Mint 7:07 PM 42%

Ana

I am applying for a house today that is move in ready on August 31st. Yes I will need furniture in that case.
No problem taking him to the south.
We won't need a lift from the airport.
Yes we can call more on the trip.
8:28 AM

I would like to pick you up please from the airport 8:33 AM

I won't be able to wait to see him 8:33 AM

Where is the house? How big? How much? 8:33 AM

It would be helpful if maybe you started making a list of the furniture and things you would like from this house. 8:48 AM


Mint
7:06 PM
43%
Ana
Please let me speak to my baby.
7:35 AM
He was supposed to come home today
7:36 AM
We can't make it today. Tomorrow can work.
9:05 AM
Stop bothering my friends
9:06 AM
Ok tomorrow. What time?
10:13 AM
Ana you have to at least let me talk to my child. You have taken everything else away. You have broken your promises. You are supposed to be back today. Imagine my devastation.
10:14 AM
Bring my child home
10:15 AM
We were supposed to have breakfast with Maiava and Lela

Mint 7:05 PM 43%

**Ana**

Please don't take him. Please bring him home on Thursday
7:36 AM

Please 7:36 AM

I'm open to continuing the conversation when we can have it in a calm way 7:41 AM

You have told me you are stealing my child from me. I am one of his mamas. How do you expect I will react? 7:42 AM

This is his home ana...his school, his friends, his other family
7:47 AM

You do not have my permission to do any of this. This is now kidnapping 8:19 AM

Ana, I need to be with my child. ' need you to bring him home.
9:16 AM


Mint LTE
4:58 PM
86%
August
S M T W T F S
23 24 25 26 27 28 29
Thursday — Aug 27, 2026
all-day
Ana
AMS ✈️ PDX (KL615)
1:25AM (10:25AM GMT+2)
2 AM
3 AM
4 AM
5 AM
6 AM
7 AM
8 AM
9 AM
Today
Calendars
Inbox


Mint LTE
4:58 PM
86%
August
S M T W T F S
23 24 25 26 27 28 29
Wednesday — Aug 26, 2026
all-day
Ana
5 PM
6 PM
Dinner with Keren McCord
6 – 7:30PM
7 PM
8 PM
9 PM
BEG ✈️ AMS (KL1982)
9:15PM (6:15AM GMT+2)
10 PM
11 PM
12 AM
Today
Calendars
Inbox

I will return Tadej from Serbia.

Ana Krivokapic

8.16.2026


6:43
99
Ana
He said yes and then no... just a weird day 11:56 AM
Can we try again? 11:56 AM
I'm sure he is feeling all sorts of things 11:56 AM
You have taken him from his home and his family...he is bound to have emotions about that. 11:57 AM
Morning! I would love to say good morning to Tadej 10:22 PM
Today
Updates? 5:11 AM
He was feeling better this morning, we'll see how it goes after pick up. He has the birthday party today too 5:20 AM
We are flying to Berlin next Friday and the Kreuzberg flat is secured until the end of the year

9/1/2026 12:43 PM
26DR14207

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

Family Law Department

| | |
|---|---|
| In the Matter of the Marriage of:<br>COURTNEY ELIZABETH MCHILL,<br>Petitioner,<br>and<br>ANA KRIVOKAPIC,<br>Respondent. | Case No.: 26DR14207<br><br>NOTICE OF ASSOCIATION OF COUNSEL FOR PETITIONER |

PLEASE TAKE NOTICE that, effective today, September 1, 2026, Attorney Erin Martinek, OSB #260352, of Buckley Law P.C., hereby also appears on behalf of Courtney McHill, who is the Petitioner in the above-referenced matter.

Katelyn Skinner, Katrina Seipel, Alexis Godowin, and Buckley Law, P.C., remain as counsel for Petitioner, Courtney McHill, in the above-captioned case.

Dated: September 1, 2026

BUCKLEY LAW PC

Katrina Seipel, OSB #164793
Of Attorneys for Petitioner



BUCKLEY LAW PC
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: (503) 620-8900 · Fax: (503) 620-4878
kas@buckley-law.com

**CERTIFICATE OF SERVICE**

I certify that a copy of this NOTICE OF ASSOCIATION OF COUNSEL FOR PETITIONER will be served on the Respondent, Ana Krivokapic, by personal service, with the Petition for Dissolution, Summons, and other associated case documents.

Dated: September 1, 2026

**BUCKLEY LAW PC**

Katrina Seipel OSB # 164793
Of Attorneys for Petitioner



BUCKLEY LAW PC
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: (503) 620-8900 · Fax: (503) 620-4878
kas@buckley-law.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE
PORTLAND OREGON 97204
FAMILY LAW DEPARTMENT

September 09, 2026

Katrina Seipel
Buckley Law PC
5300 Meadows Rd Ste 200
Lake Oswego OR 97035

**DATE: 9/9/2026**

**RE: Courtney Elizabeth Mchill Vs Ana Krivokapic**

**CASE NUMBER: 26DR14207**

A petition was filed in this case. We are required to give both parties the notices and information listed below and attached to this letter:

- Notice of Dismissal Date 180 days after filing (SLR 8.016)
- Notice to Parties about Health Insurance Coverage (ORS 107.092)
- A copy of ORS 107.089 (List of documents that parties must give to each other)
- Information about mandatory custody/parenting time mediation (SLR 12.015)
- Information on mandatory parent education program (SLR 8.125)

Please give these notices and information to the other party when serving the petition.

NoD 180 (Rev 05/20)

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE
PORTLAND OREGON 97204

**NOTICE OF DISMISSAL DATE 180 DAYS AFTER FILING**

The petition for dissolution of marriage, annulment, or separation is subject to SLR 8.016 (see below). **The court must schedule a date to dismiss the case 180 days after the petition is filed.** If there is no activity in your case and it is not resolved by that date, the court will dismiss your case. You can ask the court to extend the dismissal date before it is dismissed. Contact the Family Law Department or Legal Resource Center if you need the forms and instructions for requesting an extension.

**DISMISSAL DATE: March 08, 2027**

**RE: Courtney Elizabeth Mchill Vs Ana Krivokapic**

**CASE NUMBER: 26DR14207**

SLR 8.016 CASE AGE LIMITATIONS

(1) Immediately upon the filing of any petition for dissolution, annulment, or separation, the court will assign a dismissal date 180 days from the date of filing.

(2) If no appearance or motion is made or a default judgment has not been entered by the 180th day, the case will be dismissed for want of prosecution by the Chief Family Law Judge or designee. This dismissal shall be final unless the Chief Family Law Judge or designee, for good cause shown, order otherwise.

(3) Upon application to the Chief Family Law Judge or designee by motion and in person at *ex parte*, good cause is shown, the Chief Family Law Judge or designee may extend the dismissal date.

(4) Cases and motions at issue shall proceed to trial within eight months of the date of filing. Postponement requests shall be made to the Chief Family Law Judge or designee, or to the Judge of the Case when one exists.

(5) Hearing consisting Emergency Temporary Custody Orders shall be set with the Judge who signed that Emergency Temporary Custody Order. A copy of the request for hearing on that order shall be provided to the Judge who signed the original order.

NoD 180 (Rev 05/20)

**NOTE:**
**If a default order has been filed by the 180th day, but no judgment has been filed, the court will enter a 28th day dismissal order dismissing the case without further notice unless a decree is filed within the 28 day period**

**Department of Consumer and Business Services Insurance Division**
P.O. Box 14480, Salem OR 97309-0405
Phone: 503-947-7891, Fax: 503-378-4351
350 Winter St. NE, Salem, OR 97301-3883
Email: dcbs.insmail state.or.us
www.insurance.oregon.gov

---

**DATE: 9/9/2026**

**RE: Courtney Elizabeth Mchill Vs Ana Krivokapic**

**CASE NUMBER: 26DR14207**

If you or your spouse have filed for divorce or legal separation and currently hold group health insurance coverage through your spouse, your coverage may end when the court grants your divorce or separation. Oregon law offers options that may enable you to continue your coverage. This notice outlines continued coverage options available under Oregon law. Federal law commonly known as COBRA may also enable you to continue coverage. *Note*: You must act promptly to continue coverage.

Applying for individual coverage may also be an option. Insurers can no longer deny enrollment to individuals because of health or pre-existing conditions. You may be eligible to enroll in a plan through healthcare.gov or directly from an insurer. If you apply for coverage through healthcare.gov, you may qualify for financial assistance.

For more information about Oregon and federal law, consult your health insurer, the plan administrator for your insurance coverage, the employer through whom your insurance is provided, or your attorney.

**The following is a summary of options under Oregon law:**

1. **Continuation of existing coverage for a divorced or legally separated spouse who is 55 years of age or older** (ORS 743.600 to 743.602). If you are a divorced or legally separated spouse and if you are 55 years of age or older when the dissolution or legal separation occurs, you may continue your existing group coverage until you obtain other group coverage or become eligible for Medicare. In order to continue coverage, you must do both of the following:
   A. You must notify the group health insurance plan administrator in writing of the dissolution or legal separation within 60 days of the entry of the decree of divorce or legal separation.
   B. You must elect to continue and pay for the group coverage. You must make the election on a form provided by the plan administrator.

*Note*: This provision applies only if your coverage is provided through an employer who employs 20 or more employees or if your coverage is provided by a group health insurance plan that covers 20 or more employees.

2. **Continuation of existing coverage for a divorced spouse when federal law does not provide for continued coverage (ORS 743.610). If you are not able to continue your group health coverage under federal law (COBRA), you may continue your existing group coverage upon dissolution of your marriage for a period not exceeding nine months. The following requirements apply:**
   A. You must have been continuously covered by the group policy for at least three months prior to your divorce.
   B. You must ask the insurer or the group policyholder, in writing, to continue your coverage. You must also pay the required premiums.
   C. You must make your request by the latter of the following dates:
      (1) Ten days after the date that your coverage under the group policy as a qualified family member ends;

      or
      (2) Ten days after the date on which the employer or group policyholder gives notice of the right to continue coverage.
3. **Apply for individual coverage**. If you were covered by a group health plan and you lost that coverage because of a legal separation or divorce, you may qualify for a special enrollment and be eligible to purchase an individual plan through healthcare.gov or from an insurer. To qualify for this special enrollment:

      (1) Apply through healthcare.gov and pay your premium within 60 days of the date you lost your group coverage; or
      (2) Apply for individual coverage from an insurer within 60 days of the date you lost your group coverage.

**Remember**: The longer you wait to apply, the later your coverage will start. Financial help is available only if you apply for insurance through healthcare.gov. Your insurance agent can also help you apply through healthcare.gov.

*Prepared by Insurance Division, Department of Consumer and Business Services, under ORS 107.092.*
*Revised January 9, 2015. Distributed by the Office of the State Court Administrator.*

440-3892 (1/15/COM)

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE
PORTLAND OREGON 97204

**CURRENT DATE: 9/9/2026**

**RE: Courtney Elizabeth Mchill Vs Ana Krivokapic**

**CASE NUMBER: 26DR14207**

**DISCOVERY NOTICE**
**COPY FOR PETITIONER/RESPONDENT**

**NOTE: Petitioner/Respondent - a copy of ORS 107.089 may be served on the other party.**
**If you do serve the other party, you must provide proof of service to the court.**

O.R.S. § 107.089/ 2013 OREGON REVISED STATUTES, CHAPTER 107 – MARITAL DISSOLUTION, ANNULMENT AND SEPARATION; MEDIATION AND CONCILIATION SERVICES; FAMILY ABUSE PREVENTION

**107.089. Documents parties in suit must furnish to each other; effect of failure to furnish.**

(1) If served with a copy of this section as provided in ORS 107.088, each party in a suit for legal separation or for dissolution shall provide to the other party copies of the following documents in their possession or control:

(a) All federal and state income tax returns filed by either party for the last three calendar years;

(b) If income tax returns for the last calendar year have not been filed, all W-2 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by either party during the last calendar year;

(c) All records showing any income earned or received by either party for the current calendar year;

(d) All financial statements, statements of net worth and credit card and loan applications prepared by or for either party during the last two calendar years;

(e) All documents such as deeds, real estate contracts, appraisals and most recent statements of assessed value relating to real property in which either party has any interest;

(f) All documents showing debts of either party, including the most recent statement of any loan, credit line or charge card balance due;

(g) (A) Certificates of title or registrations of all automobiles, motor vehicles, boats or other personal property registered in either party's name or in which either party has any interest. (B) For all automobiles, motor vehicles and boats described in subparagraph (A) of this

paragraph, documentation evidencing the vehicle identification number or other unique identifying number;

(h) Documents showing stocks, bonds, secured notes, mutual funds and other investments in which either party has any interest;

(i) The most recent statement describing any retirement plan, IRA pension plan, profit-sharing plan, stock option plan or deferred compensation plan in which either party has any interest; and

(j) All financial institution or brokerage account records on any account in which either party has had any interest or signing privileges in the past year, whether or not the account is currently open or closed.

(2)(a) Except as otherwise provided in paragraph (b) of this subsection, the party shall provide the information listed in subsection (1) of this section to the other party no later than 30 days after service of a copy of this section.

(b) If a support hearing is pending fewer than 30 days after service of a copy of this section on either party, the party upon whom a copy of this section is served shall provide the information listed in subsection (1)(a) to (d) of this section no later than three judicial days before the hearing.

(3)(a) If a party does not provide information as required by subsections (1) and (2) of this section, the other party may apply for a motion to compel as provided in ORCP 46.

(b) Notwithstanding ORCP 46 A(4), if the motion is granted and the court finds that there was willful noncompliance with the requirements of subsections (1) and (2) of this section, the court shall require the party whose conduct necessitated the motion or the party or attorney advising the action, or both, to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees.

(4) If a date for a support hearing has been set and the information listed in subsection (1)(a) to (d) of this section has not been provided as required by subsection (2) of this section:

(a) By the obligor, the judge shall postpone the hearing, if requested to do so by the obligee, and provide in any future order for support that the support obligation is retroactive to the date of the original hearing; or

(b) By the obligee, the judge shall postpone the hearing, if requested to do so by the obligor, and provide that any support ordered in a future hearing may be prospective only.

(5) The provisions of this section do not limit in any way the discovery provisions of the Oregon Rules of Civil Procedure or any other discovery provision of Oregon law.
(1995 c. 800 § 5; 1997 c. 631 § 402; 1997 c. 707 § 33; 2013 c. 171 §1).

ORS § 107.089, 107.089. Documents parties in suit must furnish to each other under certain circumstances; effect of failure to furnish.

**DATE: 9/9/2026**

**RE: COURTNEY ELIZABETH MCHILL VS ANA KRIVOKAPIC**

**CASE NUMBER: 26DR14207**

*NOTICE TO PARENTS: INFORMATION ABOUT MANDATORY PARENT EDUCATION CLASS AND MEDIATION*

1. **Take the Parent Education Class**

If your case involves custody of minor children, both parties must take the Parent Education class through Family Court Services. This class presents information about legal issues, child development, conflict resolution, and community resources.

If you have not taken this class, your trial will be delayed and the judge will not sign your final judgment

Family Court Services
Multnomah Central Courthouse
1200 SW 1st Ave., Ste. 3400
(503) 988-3037
multco.us/dcj/fcs

2. **Participate in Mediation**

Mediation is a confidential session with a counselor trained in child development who will help you and the other parent create a parenting time schedule that works for your family. Mediation is more likely to be successful if the parents take the Parent Education Class first.

Mediation is mandatory if a Response is filed and the parties disagree about custody and parenting time. Your trial will be delayed if you have not attended mediation. Mediation can be waived by the court in some cases.

Family Court Services
(address above)
503-988-3189
https://multco.us/dcj/fcs

Have questions? Contact us!

| | |
|---|---|
| Family Law Department | Legal Resource Center |
| Mul.familylaw@ojd.state.or.us | Mul.LRC@ojd.state.or.us |
| 971-274-0600 | 971-236-8670 |

NoD 180 (Rev 05/20)

FILED MULTNOMAH CO CIRCUIT CT
AUG 28 2026 PM2:20

_Verified Correct Copy of Original 8/31/2026._

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

**Family Law Department**

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>COURTNEY ELIZABETH MCHILL<br><br>Petitioner,<br><br>and<br><br>ANA KRIVOKAPIC,<br><br>Respondent. | Case No.: 26DR14207<br><br>DECLARATION OF PETITIONER IN SUPPORT OF MOTION FOR ORDER OF IMMEDIATE DANGER |

I, Courtney Elizabeth McHill, am over the age of 21 years and am competent to testify in this matter. I make this declaration based on my personal knowledge and belief.

1. I am the Petitioner in this matter.
2. Ana Krivokapic ("Respondent") and I are the legal parents of one child, Tadej James Krivokapic, age three, and are listed on the child's United States birth certificate as such.
3. Tadej's home is here in Oregon where he has lived at 38711 E Historic Columbia River Hwy Corbett, OR 97019 since approximately July 1, 2024.
4. I permitted Respondent to take our child on a trip to visit family in Vranić Serbia on August 17, 2026, under the condition that our child was to take a return flight back home on August 27, 2026, whereby I was to pick the child up yesterday

26DR14207
DD
Declaration
20499742

**Exhibit 1**
**Page 1 of 3**



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

_Verified Correct Copy of Original 8/31/2026._

morning. The relevant text messages between me and Respondent and my child's flight schedule are attached hereto as **Exhibit A.**

**5.** On August 16, 2026 Respondent signed written acknowledgment of the above stating she would return our child from Serbia. Respondents written acknowledgement is attached hereto as **Exhibit B.**

**6.** On August 25, 2026 Respondent stated in a telephone call with me that she is extending her and the child's trip to Serbia for another month without my permission and will then be moving to Berlin Germany with the child. Upon my objection, Respondent refused to discuss the matter.

**7.** During the phone call I inquired into when and where Respondent intends to move the child, Respondent informed me that the move to Germany could be sooner or later than a month from now, and when asked where Respondent intended to move to, Respondent did not give a clear answer.

**8.** Respondent has since made threatening remarks to me that if I was to pursue any sort of legal action she would cut off all contact with the child from me. She told me that my access to our own child in the future was not a given.

**9.** Furthermore, during the phone call Respondent demanded that I not make any legal decisions until she (Respondent) could think clearly.

**10.** On August 26, 2026 Tadej asked me when he would get to come home and expressed to me that he missed his new bike he has here in Oregon.

**11.** On August 27, 2026 I asked Respondent if I could Facetime with our child to which she denied my request.

**12.** Respondent has continuously expressed extreme opposition to returning our child back to his home here in Oregon.

**13.** I have continuously expressed that Respondent does not have my permission to take Tadej, a copy of my written objection is attached hereto as **Exhibit C.**



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

_Verified Correct Copy of Original 8/31/2026._

**14.** Previous to Respondent taking our child to Serbia, we shared joint responsibility of raising Tadej.

**15.** Tadej was not returned to Oregon by Respondent yesterday.

**16.** Tadej is in immediate danger of psychological harm, having now been cut off from contact with me and being held in a foreign country.

**17.** Psychological injuries are a form of child abuse. See the definition of mental injury as listed under ORS 419B.005(1)(a)(B).

**18.** I believe it is in Tadej's best interest for the court to award sole parenting time to me until Tadej is returned to Oregon safely and Respondent surrenders Tadej's passport. Upon Tadej's return and after turning over Tadej's passport, Respondent should be able to have supervised parenting time.

**19.** I respectfully request that the Court grant my Motion for an Order of Immediate Danger until the child has been returned to Oregon and is in my physical custody.

**20.** This Motion is made in good faith and not for the purpose of delay.

**I HEREBY DECLARE THAT THE ABOVE STATEMENTS IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THAT IT IS MADE FOR USE AS EVIDENCE IN COURT AND ARE SUBJECT TO PENALTY FOR PERJURY.**

DATED: August 28 2026

[signature]
Courtney Elizabeth McHill
*Petitioner*

**Exhibit 1**
**Page 3 of 3**



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

_Verified Correct Copy of Original 8/31/2026._

Mint 7:09 PM 41%

Ana

10 days, Aug. 17- 27 look like they are doable. Then I can pick him up on Aug. 28th and have him through my weekend until Tuesday Sept. 1st. Then if I could have him the next weekend Sept. 4-8 that would be awesome. On the 8th we could both take him to school for his first day at SE Nuestra Escuela. And then you could have him the next weekend. Let me know if that works for you. 9:00 AM

We can then readjust to our previous schedule or just off set the weekends. 9:00 AM

Let me know what you think about that. 9:01 AM

? 9:39 AM

I'm not sure if you are reading my messages now but I would

**Exhibit A**
**Page 1 of 4**

_Verified Correct Copy of Original 8/31/2026._

Mint 7:09 PM 41%

Ana

have him the next weekend Sept. 4-8 that would be awesome. On the 8th we could both take him to school for his first day at SE Nuestra Escuela. And then you could have him the next weekend. Let me know if that works for you. 9:00 AM

We can then readjust to our previous schedule or just off set the weekends. 9:00 AM

Let me know what you think about that. 9:01 AM

? 9:39 AM

I'm not sure if you are reading my messages now but I would love a response. 9:40 AM

I think that will work, I have to look at the flights today 10:50 AM

**Exhibit A**
**Page 2 of 4**

Verified Correct Copy of Original 8/31/2026.




**Exhibit A**
**Page 3 of 4**

_Verified Correct Copy of Original 8/31/2026._

Mint LTE 4:58 PM 86%

August

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |

**Wednesday — Aug 26, 2026**

all-day **Ana**

5 PM

6 PM

**Dinner with Keren McCord**
6–7:30PM

7 PM

8 PM

9 PM

**BEG ✈ AMS (KL1982)**
9:15PM (6:15AM GMT+2)

10 PM

11 PM

12 AM

Today Calendars Inbox

**Exhibit A**
**Page 4 of 4**

_Verified Correct Copy of Original 8/31/2026._

I will return Tadej from Serbia.

Ana Krivokapic

8.16.2026

**Exhibit B**
**Page 1 of 1**

_Verified Correct Copy of Original 8/31/2026._

Mint 7:05 PM 43%

Ana

Please don't take him. Please bring him home on Thursday
7:36 AM

Please 7:36 AM

I'm open to continuing the conversation when we can have it in a calm way 7:41 AM

You have told me you are stealing my child from me. I am one of his mamas. How do you expect I will react? 7:42 AM

This is his home ana...his school, his friends, his other family
7:47 AM

You do not have my permission to do any of this. This is now kidnapping 8:19 AM

Ana, I need to be with my child. I need you to bring him home.
9:16 AM

**Exhibit C**
**Page 1 of 1**

Docusign Envelope ID: CFBA17EB-780D-83AA-8330-118961722ECF

8/26/2026 8:54 PM
26DR14207

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

**Family Law Department**

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>COURTNEY ELIZABETH MCHILL<br><br>Petitioner,<br><br>and<br><br>ANA KRIVOKAPIC,<br><br>Respondent. | Case No.:<br><br>DECLARATION OF PETITIONER IN SUPPORT OF MOTION FOR TEMPORARY PROTECTIVE ORDER OF RESTRAINT |

I, Courtney Elizabeth McHill, am over the age of 21 years and am competent to testify. I am the petitioner in the above-captioned matter. I declare as follows:

1. Respondent Ana Krivokapic and I are the married parents of one child, Tadej James Krivokapic, age 3. His date of birth is filed in this matter under UTCR 2.130.

2. I filed a Petition for Dissolution of Marriage, requesting custody and a parenting plan contemporaneous to this Motion.

3. The addresses at which our child has lived and the persons lived with during the preceding five (5) years are as follows:

| CHILD | RESIDENCE | COUNTY | DATE | RESIDED WITH |
|---|---|---|---|---|
| Tadej | 38711 E Historic Columbia River Hwy Corbett, OR 97019 | Multnomah, OR | June 1, 2026 - Present | Petitioner |
| Tadej | 2635 NE Liberty St. Portland, OR 97211 | Multnomah, OR | June 1, 2026 – Present | Respondent |



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

Docusign Envelope ID: CFBA17EB-780D-83AA-8330-118961722ECF

| | | | | |
|---|---|---|---|---|
| Tadej | 38711 E Historic Columbia River Hwy Corbett, OR 97019 | Multnomah, OR | July 1, 2024 – June 1, 2026 | Petitioner and Respondent |
| Tadej | 1008 NE Bryant St. Portland, OR 97217 | Multnomah, OR | June 6, 2023 – June 30, 2024 | Petitioner and Respondent |
| Tadej | Innstrasse 4 Berlin, 12045 Germany | Germany | Birth (2022) to June 5, 2023 | Petitioner and Respondent |

4. During the pendency of this matter, both Respondent and I should be restrained from changing our child's usual place of residence; from interfering with or in any manner disturbing his regular daily schedule and routine, including schooling; from hiding or secreting the child from either parent; from taking the child out of the state of Oregon without the written permission of the other parent; and from interfering with the other parent's usual contact and visitation with the child.

5. The child's "usual place of residence" is: 38711 E Historic Columbia River Hwy Corbett, Oregon, 97019, when he resides with me, and 2635 NE Liberty Street, Portland, Oregon, 97211,when he is with Respondent. We physically separated on June 1, 2026.

6. The child's routine includes residing with me on Monday's and Tuesday's, and with Respondent on Wednesday's and Thursday's, and then alternating weekends with each parent.

7. The Child attends Nuestra Escuela daycare on weekdays, Monday through Friday from 8:00 a.m. to 3:30 p.m. He has attended this daycare for approximately three years.

8. Respondent and Tadej are currently visiting Respondent's family in Serbia, having left Portland on August 17, 2026, with return plane tickets to come back to Portland on August 27, 2026.



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

Docusign Envelope ID: CFBA17EB-780D-83AA-8330-118961722ECF

9. I have not participated, as a party, witness, or in any other capacity, in any other proceeding concerning the custody of or parenting time or visitation with our minor child.

10. I know of no other proceeding that could affect the current proceeding, including proceedings for enforcement and proceedings relating to domestic violence, protective orders, termination of parental rights, and adoptions.

11. There are no persons not a party to this proceeding who have physical custody of the child or claim rights of legal custody or physical custody of, or parenting time or visitation with, the minor child.

**I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THAT THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND ARE SUBJECT TO PENALTY FOR PERJURY.**

Dated 8/26/2026

Signed by:
Courtney McHill
405FD5E41A7C489...

Courtney Elizabeth McHill
*Petitioner*



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

FILED MULTNOMAH CO CIRCUIT CT
AUG 28 2026 PM2:20

_Verified Correct Copy of Original 8/31/2026._

THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

**Case No:** 26DR14207

COURTNEY ELIZABETH MCHILL,
Petitioner,

and

ANA KRIVOKAPIC,
Respondent.

**EX PARTE MOTION FOR ORDER OF IMMEDIATE DANGER & DECLARATION IN SUPPORT**

☒ pre-judgment ☐ post-judgment

☒ Pre-judgment: A *Petition* has been filed requesting custody and/or parenting time. No *Judgment* has been issued.

☐ Post-judgment: Date of most recent *Judgment* awarding custody and/or parenting time:______________________ ***Note:*** *a motion for modification of your judgment must be filed before (or along with) this motion*

***IMPORTANT (for post-judgment motions):*** *You MUST make a good faith effort to contact the other parent about the reason you want an Immediate Danger Order. This includes telling the other parent when and where you are going to court.*

## Motion

I, *(name)* Courtney McHill, request an emergency order regarding the child(ren) named below. This order should stay in effect until otherwise ordered by the court.

My child(ren) are in immediate danger as explained in the *Declaration* below

| Name and Age | Name and Age |
|---|---|
| Tadej James Krivokapic, age 3 | |
| | |

☐ Additional children on attached page

A. ☒ CUSTODY.
I request custody of the following child(ren): Tadej James Krivokapic
The other parent should have parenting time as specified in Section B, below

B. ☒ PARENTING TIME
☐ No parenting time
☐ The other parent should have parenting time with the child(ren) as follows *(include names of affected children)*: No parenting time until child is returned to the United States to Petitioner and the child's passports are provided to Petitioner. After passport is turned over, Respondent may have supervised parenting time.



**OJD OFFICIAL**
*(Feb 2025)*

26DR14207
MOID
Motion – Finding of Immediate Danger
20499736

_Verified Correct Copy of Original 8/31/2026._

☒ Parenting time should be supervised by a professional supervisor or agreed unprofessional
Any cost of supervision should be paid by ☐ Petitioner ☒ Respondent

## Statement of Points and Authorities

ORS 107.097(3) permits the court to enter ex parte a temporary order providing for custody of or parenting time with a child if the court finds that the child is in immediate danger.

ORS 107.139(1) authorizes post-judgment ex parte temporary orders of custody and parenting time if a parent of the child is present in court and presents a declaration alleging that the child is in immediate danger. A good faith effort to confer is required. Clear and convincing evidence is required.

## Declaration

1. The child(ren) named above are in immediate danger because of the following facts *(explain)*:
   See Declaration in Support of Motion for Order of Immediate Danger attached hereto as **Exhibit 1**

   ☐ Additional page attached titled "Section 1"

2. UCCJEA Information (Uniform Child Custody Jurisdiction and Enforcement Act) was included in the *Petition, Motion for Modification*, or *Response*

3. ***Post-judgment only:*** I have made a good faith effort to confer with the other party regarding the purpose and time of this court appearance. *Describe how and when you conferred with the other party:*

**I hereby declare that the above statements are true and complete to the best of my knowledge and belief. I understand they are made for use in court and I am subject to penalty for perjury.**

Submitted by: ☒ Petitioner ☐ Respondent

8/28/26
Date

[signature]
Signature

c/o amg@buckley-law.com
Email

Courtney McHill
Name (printed)

c/o Buckley Law, 5300 Meadows Rd, Suite 200, Lake Oswego, OR 97035, Tel: 503-620-8900
Contact Address City, State, ZIP Contact Phone

_Verified Correct Copy of Original 8/31/2026._

☒ Parenting time should be supervised by a professional supervisor or agreed unprofessional
Any cost of supervision should be paid by ☐ Petitioner ☒ Respondent

## Statement of Points and Authorities

ORS 107.097(3) permits the court to enter ex parte a temporary order providing for custody of or parenting time with a child if the court finds that the child is in immediate danger.

ORS 107.139(1) authorizes post-judgment ex parte temporary orders of custody and parenting time if a parent of the child is present in court and presents a declaration alleging that the child is in immediate danger. A good faith effort to confer is required. Clear and convincing evidence is required.

## Declaration

1. The child(ren) named above are in immediate danger because of the following facts *(explain)*:
   See Declaration in Support of Motion for Order of Immediate Danger attached hereto as **Exhibit 1**

   ☐ Additional page attached titled "Section 1"

2. UCCJEA Information (Uniform Child Custody Jurisdiction and Enforcement Act) was included in the *Petition, Motion for Modification*, or *Response*

3. ***Post-judgment only:*** I have made a good faith effort to confer with the other party regarding the purpose and time of this court appearance. *Describe how and when you conferred with the other party:*

**I hereby declare that the above statements are true and complete to the best of my knowledge and belief. I understand they are made for use in court and I am subject to penalty for perjury.**

Submitted by: ☒ Petitioner ☐ Respondent

8/28/26
Date

[signature]
Signature

c/o amg@buckley-law.com
Email

Courtney McHill
Name (printed)

c/o Buckley Law, 5300 Meadows Rd, Suite 200, Lake Oswego, OR 97035, Tel: 503-620-8900
Contact Address City, State, ZIP Contact Phone

_Verified Correct Copy of Original 8/31/2026._

THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

**Case No:** 26DR14207

COURTNEY ELIZABETH MCHILL,
Petitioner,

and

ANA KRIVOKAPIC,
Respondent.

**EX PARTE MOTION FOR ORDER OF IMMEDIATE DANGER & DECLARATION IN SUPPORT**

☒ pre-judgment ☐ post-judgment

☒ Pre-judgment: A *Petition* has been filed requesting custody and/or parenting time. No *Judgment* has been issued.

☐ Post-judgment: Date of most recent *Judgment* awarding custody and/or parenting time:____________________ ***Note:*** *a motion for modification of your judgment must be filed before (or along with) this motion*

***IMPORTANT (for post-judgment motions):*** *You MUST make a good faith effort to contact the other parent about the reason you want an Immediate Danger Order. This includes telling the other parent when and where you are going to court.*

## Motion

I, *(name)* Courtney McHill, request an emergency order regarding the child(ren) named below. This order should stay in effect until otherwise ordered by the court.

My child(ren) are in immediate danger as explained in the *Declaration* below

| Name and Age | Name and Age |
|---|---|
| Tadej James Krivokapic, age 3 | |
| | |

☐ Additional children on attached page

A. ☒ CUSTODY.
I request custody of the following child(ren): Tadej James Krivokapic
The other parent should have parenting time as specified in Section B, below

B. ☒ PARENTING TIME
☐ No parenting time
☐ The other parent should have parenting time with the child(ren) as follows *(include names of affected children)*: No parenting time until child is returned to the United States to Petitioner and the child's passports are provided to Petitioner. After passport is turned over, Respondent may have supervised parenting time.

8/26/2026 8:54 PM
26DR14207

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

**Family Law Department**

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>COURTNEY ELIZABETH MCHILL<br>Petitioner,<br><br>and<br><br>ANA KRIVOKAPIC,<br>Respondent. | Case No.:<br><br>MOTION FOR TEMPORARY PROTECTIVE ORDER OF RESTRAINT (Pre-Judgment)<br><br>ORS 107.097 (2)<br><br>*EX PARTE* |

COMES NOW, Courtney Elizabeth McHill ("Petitioner"), by and through her attorneys, Katelyn Skinner, Katrina Seipel, Alexis M. Goodwin, and Buckley Law, P.C., and moves this Court to enter a Temporary Protective Order of Restraint pursuant to ORS 107.097(2) prohibiting both parties from:

1. Changing the child's usual place of residence;

   "Child's usual place of residence" means the place where the child is living at the time the motion for the temporary order is filed and has lived continuously for a period of three consecutive months, excluding any periods of time during which the noncustodial parent did exercise, or would otherwise have exercised, parenting time. ORS 107.097(6)(a), ORS 107.138(3)(a).

2. Interfering with the child's regular placement and daily schedule;
3. Hiding or secreting the child from the other parent;
4. Interfering with the other parent's usual contact and parenting time with the child;



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

5. Leaving the state with the child without written permission of the other parent or permission from the Court; and

6. In any other manner changing or interfering with the child's regular placement and daily schedule and routine, including schooling, until custody and parenting time issues have been determined, further order of the Court, or until the parties otherwise agree in writing.

"Parent's usual contact and parenting time," "present placement and daily schedule of the child" and "current schedule and daily routine of the child" mean the contact, parenting time, placement, schedule and routine at the time the motion for the temporary order is filed. ORS 107.097(6)(b), ORS 107.138(3)(b).

The name and birth year of the minor child of the parties whom this Motion pertains to is: Tadej James Krivokapic; Birth Year: 2022

This Motion is based on the Supporting Declaration of Courtney McHill and ORS 107.097(2).

Dated: August 26, 2026

BUCKLEY LAW, PC

Katelyn D. Skinner, OSB #105055
Of Attorneys for Petitioner



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

8/26/2026 8:54 PM
26DR14207

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | Case No. |
| COURTNEY ELIZABETH MCHILL, Petitioner, | ) | **NOTICE OF FILING OF** ☒ **CONFIDENTIAL INFORMATION FORM (CIF)** ☐ **Amended CIF** |
| and | ) | |
| ANA KRIVOKAPIC, Respondent. | ) | |

**NOTICE: Confidential Information Form Has Been Filed**

- Uniform Trial Court Rule (UTCR) 2.130 requires that parties to domestic relations cases place certain information about themselves and other parties in a CIF when such information is required I a document filed with the court.
- The CIF is not available for public inspection except as authorized by law.
- Parties are allowed to see a CIF that contains information about them.
- A party who wants to see a CIF that contains information about another party must ask for permission from the court of the other party by following the procedures set out in UTCR 2.130.

**I am the (check one box):**
☐ **Petitioner** ☐ **Respondent** ☐ **Petitioner**
☐ **Child at least 18 but under 21:**
☒ **Other:** Katelyn D. Skinner, Attorney for Petitioner

**I filed Confidential Information Forms with the court about the following parties to this case** (complete a section for each party for whom you have filled out a CIF):

1) Name (Last, First, Middle): McHill, Courtney, Elizabeth
☒ Petitioner ☐ Respondent ☐ Co-Petitioner ☐ Adult Child ☐ Other:

Confidential Personal Information contained in CIF (check all that apply):

☒ party's Social Security number, ☒ party's date of birth, ☒ children's Social Security numbers ☒ children's dates of birth, ☒ employer's name, address and telephone number, ☒ driver's license number, ☐ former legal name(s).



BUCKLEY LAW, PC
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

2) Name (Last, First, Middle): Krivokapic, Ana

☐ Petitioner ☒ Respondent ☐ Co-Petitioner ☐ Adult Child ☐ Other: ____________

Confidential Personal Information contained in CIF (check all that apply):

☒ party's Social Security number, ☒ party's date of birth, ☒ children's Social Security numbers ☒ children's dates of birth, ☒ employer's name, address and telephone number, ☐ driver's license number, ☐ former legal name(s).

3) Name (Last, First, Middle): ____________

☐ Petitioner ☐ Respondent ☐ Co-Petitioner ☐ Adult Child ☐ Other: ____________

Confidential Personal Information contained in CIF (check all that apply):

☐ party's Social Security number, ☐ party's date of birth, ☐ children's Social Security numbers ☐ children's dates of birth, ☐ employer's name, address and telephone number, ☐driver license number, ☐ former legal name(s).

4) Name (Last, First, Middle): ____________

☐ Petitioner ☐ Respondent ☐ Co-Petitioner ☐ Adult Child ☐ Other: ____________

Confidential Personal Information contained in CIF (check all that apply):

☐ party's Social Security number, ☐ party's date of birth, ☐ children's Social Security numbers ☐ children's dates of birth, ☐ employer's name, address and telephone number, ☐ driver license number, ☐ former legal name(s).

Dated: August 26, 2026

Katelyn D. Skinner, OSB #105055
Of Attorneys for Petitioner



BUCKLEY LAW, PC
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

_Verified Correct Copy of Original 8/31/2026._

FILED MULTNOMAH CO CIRCUIT C
AUG 28 2026 PM2:20

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

**Family Law Department**

| | |
|---|---|
| In the Matter of the Marriage of: | Case No.: 26DR14207 |
| COURTNEY ELIZABETH MCHILL, Petitioner, | ORDER OF IMMEDIATE DANGER |
| and | ORS 107.097(3) |
| ANA KRIVOKAPIC, Respondent. | *Ex Parte* |

THIS MATTER having come Ex Parte before the court pursuant to ORS 107.097(3), Petitioner, Courtney Elizabeth McHill, by and through her attorney, Alexis M. Goodwin, and the court, having reviewed the Declaration of Petitioner filed contemporaneously herewith, being fully advised, now therefore makes the following

FINDINGS:

1. Petitioner has presented a Declaration alleging that the parties' child, Tadej James Krvokapic is in immediate danger;
2. ~~The court finds by a preponderance of the evidence that the child is in immediate danger;~~

2. Petitioner failed to demonstrate that the child is in immediate danger at this time.

26DR14207
ORDN
Order – Denial
20499726



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
amg@buckley-law.com

_Verified Correct Copy of Original 8/31/2026._

**NOW, THEREFORE IT IS HEREBY ORDERED** that, until further order of the Court:

1. Respondent shall be denied parenting time until the child has been returned to Oregon to Petitioner and the child's passport are surrendered to Petitioner, at which point Respondent will be permitted supervised parenting time until further court order.

Petitioner's Motion is denied.

AUG 28 2026

PATRICK W. HENRY

**Notice**

You may request a hearing on this order as long as it remains in effect by filing with the court a request for a hearing. In the request you must tell the court and the other party that you object to the order because the child was not in immediate danger at the time the order was issued. In the request you must also inform the court of your telephone number or contact number and your current residence, mailing, or contact address. A form is available on the Oregon Judicial Department's Family Law web site, www.courts.oregon.gov.

**SUBMITTED BY:**
Alexis M. Goodwin, OSB No. 255299
Attorney for Petitioner
amg@buckley-law.com



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
amg@buckley-law.com

_Verified Correct Copy of Original 8/31/2026._

## CERTIFICATE OF READINESS – UTCR 5.100

I hereby certify that I complied with UTCR 5.100(1) & (2) with respect to the Order or Judgment to which this certificate is attached by doing the following:

On August 28, 2026, I served opposing counsel by email and US mail with the Order or Judgment to which this certificate is attached. And, this proposed order or judgment is ready for judicial signature because:

1. [ ] Each party affected by this order or judgment has stipulated to the order or judgment, as shown by each party's signature on the document being submitted.
2. [ ] Each party affected by this order or judgment has approved the order or judgment, as shown by each party's signature on the document being submitted or by written confirmation of approval sent to me.
3. [ ] I have served a copy of this order or judgment on each party entitled to service and:
   a. [ ] No objection has been served on me.
   b. [ ] I received objections that I could not resolve with a party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved.
   c. [ ] After conferring about objections, ______________________ [role and name of objecting party] agreed to independently file any remaining objection.
4. [X] Service is not required pursuant to subsection (3) of this rule, or by statute, rule, or otherwise.
5. [ ] Other: ______________________________________.

DATED: August 28, 2026

[signature]

Alexis M. Goodwin, OSB #255299
*Attorney for Petitioner*



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
amg@buckley-law.com

26DR14207

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

**Family Law Department**

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>COURTNEY ELIZABETH MCHILL<br>Petitioner,<br><br>and<br><br>ANA KRIVOKAPIC,<br>Respondent. | Case No.:<br><br>TEMPORARY PROTECTIVE ORDER OF RESTRAINT<br><br>*Ex Parte* |

THIS MATTER, having come before this Court on Petitioner's Motion and supporting Declaration, pursuant to ORS 107.907, and the Court having reviewed the record on file herein and finding good cause therefore, and being fully advised in the premises, now, therefore:

**IT IS HEREBY ORDERED** that pending further order of the Court, the parties are both prohibited from:

1. Changing the minor child's usual place of residence from 38711 E Historic Columbia River Hwy Corbet, Oregon, 97019, with Petitioner, and 2635 NE Liberty Street, Portland, Oregon, 97211, with Respondent.
2. Interfering with the present placement and daily schedule of the child: to be in Petitioner's physical care on Monday's and Tuesday's, and in Respondent's physical



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

care on Wednesday's and Thursday's, with each parent alternating every Friday to Sunday.

3. Hiding or secreting the minor child from the other party;

4. Interfering with the other party's usual contact and visitation with the minor child.

5. Leaving the state of Oregon with the minor child without the written permission of the other parent or the permission of the Court; and

6. In any other manner, changing or interfering with the minor child's present placement and daily schedule and routine, including schooling, until custody and parenting time issues have been determined, further order of the Court, or until the parties otherwise agree in writing.

The name and birth year of the minor child of the parties whom this Order pertains to is: Tadej James Krivokapic, born 2022.

9/15/2026 2:18:08 PM

**Circuit Court Judge Morgan Wren Long**

Prepared and submitted by:
Katelyn D. Skinner, OSB #105055
Of Attorneys for Petitioner

*Certificate of Readiness on next page*



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

**CERTIFICATE OF COMPLIANCE**
**WITH UTCR 5.100(1)&(2)**

I hereby certify that I complied with UTCR 5.100(1) and (2) with respect to the Order or Judgment to which this certificate is attached by doing the following:

This proposed Order or Judgment is ready for judicial signature because service is not required pursuant to subsection (3) of this rule, or by statute, rule, or otherwise: submitted ex parte as allowed by statute.

DATED: August 26, 2026

Katelyn D. Skinner, OSB No. 105055
Of Attorneys for Petitioner

**N O T I C E**

**If you disagree with this order, you may request a hearing on this order as long as it remains in effect by filing with the court a request for a hearing. In the request, you must tell the court and the other party that you object to the order and specifically why you disagree with the representation of the status quo described in the order. In the request, you must also inform the court of your telephone number or contact number, and your current residence, mailing or contact address. Go to www.courts.orgon.gov for forms to request a hearing.**



**Buckley Law, PC**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 / Fax: 503-620-4878
kds@buckley-law.com

8/26/2026 8:54 PM
26DR14207

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

**Family Law Department**

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>COURTNEY ELIZABETH MCHILL<br>Petitioner,<br><br>and<br><br>ANA KRIVOKAPIC,<br>Respondent. | Case No.:<br><br>**PETITION FOR DISSOLUTION OF MARRIAGE**<br><br>Domestic Relations Case Subject to Filing Fee of $301 under ORS 21.155<br><br>Claim NOT subject to mandatory arbitration |

Petitioner Courtney Elizabeth McHill, by and through her attorneys, Katelyn D. Skinner, Katrina Seipel, Alexis M. Goodwin, and Buckley Law P.C., hereby alleges as follows:

1.

The parties were married on July 16, 2021, in Berlin, Germany, and ever since have been married.

2.

Irreconcilable differences between the parties have caused the irremediable breakdown of their marriage.

3.



**Buckley Law, PC**
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 · Fax: 503-620-4878
kds@buckley-law.com

Both parties are residents of Multnomah County, Oregon and hve resided in Oregon for the past six months.

4.

There is one child from this marriage, Tadej James Krivokapic, age three. Date of birth withheld pursuant to UTCR 2.130. Both parents are listed on the child's United States birth certificate as legal parents.

5.

During the past five years, the child has resided at the following location(s) with the following person(s):

| CHILD | RESIDENCE | COUNTY | DATE | RESIDED WITH |
|---|---|---|---|---|
| Tadej | 38711 E Historic Columbia River Hwy Corbett, OR 97019 | Multnomah, OR | June 1, 2026 – Present | Petitioner |
| Tadej | 2635 NE Liberty St. Portland, OR 97211 | Multnomah, OR | June 1, 2025 – Present | Respondent |
| Tadej | 38711 E Historic Columbia River Why Corbett, OR 97019 | Multnomah, OR | 7/1/2024 – June 1, 2025 | Petitioner and Respondent |
| Tadej | 1008 NE Bryant St. Portland, OR 97217 | Multnomah, OR | June, 6, 2023 – June 30, 2024 | Petitioner and Respondent |
| Tadej | Innstrasse 4 Berline, Germany 12045 | Germany | Birth (2022 – June 5, 2023 | Petitioner and Respondent |

6.

Oregon is the home state of the minor child, and it appears that no other state would have UCCJEA jurisdiction.

7.

Petitioner is not now pregnant, and to the best of Petitioner's knowledge, Respondent is not now pregnant.



**Buckley Law, PC**
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 · Fax: 503-620-4878
kds@buckley-law.com

8.

Petitioner has not participated, as a party, witness or in any other capacity, in any other litigation concerning the custody of the child in this or any other state and does not know of any other proceeding involving the child or of any person not a party to this proceeding who has any claim of custody of the child.

9.

Petitioner is the fit and proper person to have sole legal custody of the minor child of the parties. A parenting plan should be established as agreed by the parties or ordered by the Court that is in the best interests of the child

10.

Child support should be awarded, pursuant to the Oregon Child Support Guidelines, for the minor child so long as he qualifies as a "child attending school" pursuant to ORS 107.108(4) or its successor statute, beginning on the date Respondent is served with this Petition and Summons.

11.

Either or both parties should provide and maintain medical, dental, and vision insurance for the benefit of the parties' minor child, as long as it is available at a reasonable cost.

12.

The party ordered to pay child support should be required to maintain life insurance coverage on her own life with the other party listed as beneficiary on behalf of their minor child, for as long as she has a child support obligation.

13.

Respondent should be required to pay Petitioner a reasonable sum per month in transitional, maintenance, and/or compensatory spousal support for a reasonable period of time.



**Buckley Law, PC**
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 · Fax: 503-620-4878
kds@buckley-law.com

14.

The parties do not have an interest in real property. The parties have acquired assets and and they have incurred indebtedness during the marriage, which should be distributed fairly and equitably, and as just and proper.

15.

The parties should comply with ORS 107.089, a copy of which is attached as **Exhibit 1**.

16.

The following is the information required by ORS 25.020 and ORS 107.085:

| | Petitioner | Respondent |
|---|---|---|
| Full Name | Courtney Elizabeth McHill | Ana Krivokapic |
| Former Legal Name | UTCR 2.130 | UTCR 2.130 |
| Age/Year of Birth: | 45/1981 | 43/1983 |
| Address | 38711 E Historic Columbia Hwy Corbett, OR 97019 | 2635 NE Liberty St Portland, OR 97211 |
| Telephone Number | 971-393-2615 | 503-421-4578 |
| Driver's License Number | UTCR 2.130 | UTCR 2.130 |
| Employer Name | UTCR 2.130 | UTCR 2.130 |
| Employer Address | UTCR 2.130 | UTCR 2.130 |
| Employer Telephone | UTCR 2.130 | UTCR 2.130 |

17.

Pursuant to ORS 107.105(1)(j), Respondent should be directed to pay Petitioner's reasonable attorney fees and costs incurred.

//



**Buckley Law, PC**
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 · Fax: 503-620-4878
kds@buckley-law.com

18.

**CERTIFICATE RE: PENDING CHILD SUPPORT PROCEEDINGS**:

To Petitioner's knowledge, there is no pending child support proceeding in this or any other state involving the parties' child, and there are no other child support orders/judgments in this or any other state involving the parties' child.

19.

WHEREFORE Petitioner requests a judgment dissolving the marriage of the parties, granting relief as requested herein, and granting other equitable relief as deemed proper by the court.

DATED: August 26, 2026

BUCKLEY LAW PC

Katelyn D. Skinner, OSB #105055
Of Attorneys for Petitioner



**Buckley Law, PC**
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 · Fax: 503-620-4878
kds@buckley-law.com

**EXHIBIT 1**

NOTICE TO PARTIES REGARDING MANDATORY PRODUCTION OF DOCUMENTS

**ORS 107.089 Documents parties in suit must furnish to each other under certain circumstances; effect of failure to furnish.**

(1) If served with a copy of this section as provided in ORS 107.088, each party in a suit for legal separation or for dissolution shall provide to the other party copies of the following documents in their possession or control:

(a) All federal and state income tax returns filed by either party for the last three calendar years;

(b) If income tax returns for the last calendar year have not been filed, all W-2 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by either party during the last calendar year.

(c) All records showing any income earned or received by either party for the current calendar year;

(d) All financial statements, statements of net worth and credit card and loan applications prepared by or for either party during the last two calendar years;

(e) All documents such as deeds, real estate contracts, appraisals and most recent statements of assessed value relating to real property in which either party has any interest;

(f) All documents showing debts of either party, including the most recent statement of any loan, credit line or charge card balance due;

(g) Certificates of title or registrations of all automobiles, motor vehicles, boats or other personal property registered in either party's name or in which either party has any interest;

(h) Documents showing stocks, bonds, secured notes, mutual funds and other investments in which either party has any interest;

(i) The most recent statement describing any retirement plan, IRA pension plan, profit-sharing plan, stock option plan or deferred compensation plan in which either party has any interest; and

(j) All financial institution or brokerage account records on any account in which either party has had any interest or signing privileges in the past year, whether or not the account is currently open or closed.

(2)(a) Except as otherwise provided in paragraph (b) of this subsection, the party shall provide the information listed in section (1) of this section to the other party no later than 30 days after service of the petition.

(b) If a support hearing is pending fewer than 30 days after service of the petition on either party, the party on whom a copy of this section is served shall provide the information listed in subsection 1(a) to (d) of this section no later than three judicial days before the hearing.

(3)(a) If a party does not provide information as required by subsections (1) and (2) of this section, the other party may apply for a motion to compel as provided in ORCP 46.



**Buckley Law, PC**
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 · Fax: 503-620-4878
kds@buckley-law.com

(b) Notwithstanding ORCP 46 A(4), if the motion is granted and the court finds that there was willful noncompliance with the requirements of subsections (1) and (2) of this section, the court shall require the party whose conduct necessitated the motion or the party or attorney advising the action, or both, to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney fees.

(4) If a date for a support hearing has been set and the information listed in subsection (1)(a) to (d) of this section has not been provided as required by subsection (2) of this section:

(a) By the obligor, the judge shall postpone the hearing, if requested to do so by the obligee, and provide in any future order for support that the support obligation is retroactive to the date of the original hearing; or

(b) By the obligee, the judge shall postpone the hearing, if requested to do so by the obligor, and provide that any support ordered in a future hearing may be prospective only.

(5) The provisions of this section do not limit in any way the discovery provisions of the Oregon Rules of Civil Procedure or any other discovery provision of Oregon law.

**EXHIBIT 1**



**Buckley Law, PC**
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 · Fax: 503-620-4878
kds@buckley-law.com

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

Family Law Department

| | |
|---|---|
| In the Matter of the Marriage of:<br>COURTNEY ELIZABETH MCHILL,<br>Petitioner,<br>and<br>ANA KRIVOKAPIC,<br>Respondent | Case No.: 26DR14207<br><br>SUMMONS |

**TO: Ana Krivokapic**

Your spouse/partner has filed a Petition asking for dissolution of your marriage (and possibly related relief). If you do not file the appropriate legal paper with the court in the time required (see below), your spouse/partner may ask the court for a judgment against you that orders the relief requested.

DATED: August 26, 2026

Katelyn D. Skinner, OSB # 105055
**Buckley Law, PC**
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 · Fax: 503-620-4878
kds@buckley-law.com

**NOTICE TO THE RESPONDENT: READ THESE PAPERS CAREFULLY!**

**You must "appear" in this case or the other side will win automatically. To "appear," you must file with the Court a legal paper called a "Response" or "Motion." Response forms may be available through the court located at: 1200 SW 1st Ave, Portland, OR 97204. This response must be filed with the court clerk or administrator within thirty (30) days along with the required filing fee. It must be in proper form, and you must show that the petitioner's attorney (or the petitioner if he or she does not have an attorney) was served with a copy of the "Response" or "Motion." The location to file your response is at the court whose address is indicated above.**

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

**If special accommodation under the Americans with Disabilities Act is needed, please contact your local court at the address listed; telephone number: (503)846-8767.**

STATE OF OREGON )<br>
) ss.<br>
County of Clackamas )

I, the undersigned attorney of record for the Petitioner, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

Dated: August 26, 2026

Katelyn D. Skinner, OSB #105055

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a separate document that you shall attach hereto.

Dated: August 26, 2026

BUCKLEY LAW, PC

Katelyn D. Skinner, OSB #105055<br>
Attorney for Petitioner



**Buckley Law, PC**<br>
5300 Meadows Rd, Suite 200<br>
Lake Oswego, OR 97035<br>
Ph: 503-620-8900 · Fax: 503-620-4878<br>
kds@buckley-law.com

**[Attach to Summons per ORS 107.093(5)]**

**NOTICE OF STATUTORY RESTRAINING ORDER PREVENTING THE DISSIPATION OF ASSETS IN DOMESTIC RELATIONS ACTIONS**

REVIEW THIS NOTICE CAREFULLY.
**BOTH PARTIES MUST OBEY EACH PROVISION OF THIS ORDER TO AVOID VIOLATING THE LAW.**
SEE INFORMATION ON YOUR RIGHT TO A HEARING BELOW.

**TO THE PETITIONER AND RESPONDENT:**

Under ORS 107.093 and UTCR 8.080, neither Petitioner nor Respondent may:

**Insurance Policies**

(1) Cancel, modify, terminate, or allow to lapse for nonpayment of premiums, any policy of health insurance, homeowner or renter insurance, or automobile insurance that one party maintains to provide coverage for the other party or a minor child of the parties, or any life insurance policy that names either of the parties or a minor child of the parties as a beneficiary.

**Insurance Beneficiaries**

(2) Change beneficiaries or covered parties under any policy of health insurance, homeowner or renter insurance, or automobile insurance that one party maintains to provide coverage for the other party or a minor child of the parties, or any life insurance policy.

**Property**

(3) Transfer, encumber, conceal, or dispose of property in which the other party has an interest, in any manner, without written consent of the other party or an order of the court, except in the usual course of business or for necessities of life.

(A) Paragraph (3) does not apply to payment by either party of:

- (i) Attorney fees in this action;
- (ii) Real estate and income taxes;
- (iii) Mental health therapy expenses for either party or a minor child of the parties; or
- (iv) Expenses necessary to provide for the safety and welfare of a party or a minor child of the parties.

**Expenses**

(4) Make extraordinary expenditures without providing written notice and an accounting of the extraordinary expenditures to the other party. This does not apply to payment of expenses necessary to provide for the safety and welfare of a party or a minor child of the parties.

**EFFECTIVE DATE:**

The above provisions are in effect immediately upon service of the *Petition* and *Summons* on the respondent. They remain in effect until a final judgment is issued, until the petition is dismissed, or until further order of the court.

**RIGHT TO REQUEST A HEARING**

Either Petitioner or Respondent may request a hearing to modify or revoke one or more terms of this restraining order by filing with the court the *Request for Hearing re: Statutory Restraining Order* form specified in Form 8.080.2 in the UTCR Appendix of Forms.



**Buckley Law, PC**
5300 Meadows Rd, Suite 200
Lake Oswego, OR 97035
Ph: 503-620-8900 · Fax: 503-620-4878
kds@buckley-law.com

Beglaubigte Abschrift

**Amtsgericht Pankow**
Abteilung für Familiensachen
Az.: 22 F 7135/26

# Beschluss

In der Familiensache

**Tadej James Krivokapić**, geboren am 21.12.2022, Staatsangehörigkeit: ohne Angabe, Baerwaldstraße 2, 10961 Berlin
- betroffenes Kind -

Verfahrensbeiständin:
**Ann-Marie Steiger**, c/o Familienrechtspsychologische Praxis, Eisenacher Straße 76, 10823 Berlin

Weitere Beteiligte:

Mutter und Antragstellerin:
**Courtney Elizabeth McHill**, geboren am 15.05.1981, Staatsangehörigkeit: amerikanisch, 38711 E Historic Columbia River Hwy, PO Box 122, Corbett, Oregon 97019, USA., Vereinigte Staaten von Amerika

Verfahrensbevollmächtigte :
Rechtsanwälte **Trennung mit Kind**, Rudolfplatz 3, 50674 Köln, Gz.: 153/26

Mutter:
**Ana Krivokapić**, geboren am 26.03.1983, Staatsangehörigkeit: serbisch, deutsch, Baerwaldstraße 2, 10961 Berlin

wegen Herausgabe des Kindes

hat das Amtsgericht Pankow durch den Richter am Amtsgericht Dr. Rubin am 13.10.2026 beschlossen:

Für das Kind Tadej James Krivokapić, geb. 21.12.2022, wird Frau Ann-Marie Steiger, c/o Familienrechtspsychologische Praxis, Eisenacher Straße 76, 10823 Berlin, zur Verfahrensbeiständin bestellt.

Der Wirkungskreis umfasst die Wahrnehmung der Kindesinteressen im Verfahren. Insbesondere soll der Verfahrensbeistand Gespräche mit den Eltern und weiteren Bezugspersonen des Kindes führen, soweit dies erforderlich ist, sowie in geeigneten Fällen am Zustandekommen einer einvernehmlichen Regelung über den Verfahrensgegenstand mitwirken.

# Gründe:

Die Verfahrensbeistandschaft beruht auf § 158 Abs. 1 i. V. m. § 158b Abs. 1 FamFG.

Der Verfahrensbeistand hat das Interesse des Kindes festzustellen und im gerichtlichen Verfahren zur Geltung zu bringen. Er soll zu diesem Zweck auch eine schriftliche Stellungnahme erstatten. Der Verfahrensbeistand hat das Kind über Gegenstand, Ablauf und möglichen Ausgang des Verfahrens in geeigneter Weise zu informieren. Endet das Verfahren durch Endentscheidung, soll der Verfahrensbeistand den gerichtlichen Beschluss mit dem Kind erörtern.

Die Einsichtnahme in das aktuelle erweiterte Führungszeugnis ist erfolgt. Es sind keine rechtskräftigen Verurteilungen wegen einer in § 158a Abs. 2 S. 2 FamFG genannten Straftaten enthalten.

**Rechtsbehelfsbelehrung:**

Der Beschluss ist mit Rechtsmitteln nicht anfechtbar.

Dr. Rubin
Richter am Amtsgericht

Für die Richtigkeit der Abschrift
Berlin, 13.10.2026

Knappe, JSekr´in
Urkundsbeamtin der Geschäftsstelle

Beglaubigte Abschrift

**Amtsgericht Pankow**
Abteilung für Familiensachen
Az.: 22 F 7135/26

# Beschluss

In der Familiensache

**Tadej James Krivokapić**, geboren am 21.12.2022, Staatsangehörigkeit: ohne Angabe, Baerwaldstraße 2, 10961 Berlin
- betroffenes Kind -

Verfahrensbeiständin:
**Ann-Marie Steiger**, c/o Familienrechtspsychologische Praxis, Eisenacher Straße 76, 10823 Berlin

Weitere Beteiligte:

Mutter und Antragstellerin:
**Courtney Elizabeth McHill**, geboren am 15.05.1981, Staatsangehörigkeit: amerikanisch, 38711 E Historic Columbia River Hwy, PO Box 122, Corbett, Oregon 97019, USA., Vereinigte Staaten von Amerika

Verfahrensbevollmächtigte :
Rechtsanwälte **Trennung mit Kind**, Rudolfplatz 3, 50674 Köln, Gz.: 153/26

Mutter:
**Ana Krivokapić**, geboren am 26.03.1983, Staatsangehörigkeit: serbisch, deutsch, Baerwaldstraße 2, 10961 Berlin

wegen Herausgabe des Kindes

hat das Amtsgericht Pankow durch den Richter am Amtsgericht Dr. Rubin am 13.10.2026 beschlossen:

Der Mutter Ana Krivokapić, geboren am 26.03.1983, sowie Dritten wird vorläufig untersagt, das minderjährige Kind Tadej James Krivokapić, geboren am 21.12.2022, außerhalb der Grenzen der Bundesrepublik Deutschland und außerhalb der Grenzen der Vertragsstaaten des Schengener Übereinkommens zu verbringen.

Ana Krivokapić wird für jeden Fall der Zuwiderhandlung gegen die vorstehend aufgeführte Unterlassungsverpflichtung die Festsetzung von Ordnungsgeld bis zur Höhe von 250.000,00 €, ersatzweise für den Fall, dass dieses nicht beigetrieben werden kann, Ordnungshaft von bis zu 6 Monaten, angedroht.

Die Dauer der Anordnungen wird befristet bis 17.11.2026.

Das Bundespolizeipräsidium, Potsdam, wird ersucht, jede Ausreise des vorbenannten Kindes aus der Bundesrepublik Deutschland und der Vertragsstaaten des Schengener Übereinkommens zu verhindern, sofern die Begleitperson nicht durch einen Gerichtsbeschluss späteren Datums nachweisen kann, dass sie Inhaberin der elterlichen Sorge, der Personensorge oder des Aufenthaltsbestimmungsrechts oder sonst zur Mitnahme des Kindes berechtigt ist.

## Gründe:

Die Antragstellerin befürchtet, dass die Mutter Ana Krivokapić das Kind von ihr weiter trennen und ins Ausland verbringen wird.

Das Verbot, das Kind ins Ausland zu verbringen, beruht auf § 1666 BGB. Das Gericht kann nicht einschätzen, inwiefern eine Gefahr der weiteren Verbringung ins weitere Ausland besteht. Gleichzeitig ist der Eingriff der Grenzsperre für ca. einen Monat bis ungefähr zur Anhörung für die Mutter Ana Krivokapić als gering zu bewerten. Das Gericht wird daher veranlassen, dass die Mutter und Antragstellerin gemäß § 30 Abs. 3 Bundespolizeigesetz zur grenzpolizeilichen Kontrolle ausgeschrieben wird.

Die Befristung der Maßnahmen beruht auf § 30 Abs. 3 Satz 3 Bundespolizeigesetz.

**Rechtsbehelfsbelehrung:**

Der Beschluss ist nicht anfechtbar. Eine mündliche Verhandlung ist bereits für den 12.11.2026 terminiert.

Dr. Rubin
Richter am Amtsgericht

**Amtsgericht Pankow**
**22 F 7135/26**

Erlass des Beschlusses (§ 38 Abs. 3 Satz 3 FamFG):
Übergabe an die Geschäftsstelle
am 13.10.2026.

Knappe, JSekr´in
Urkundsbeamtin der Geschäftsstelle

Für die Richtigkeit der Abschrift
Berlin, 13.10.2026

Knappe, JSekr´in
Urkundsbeamtin der Geschäftsstelle

**Ladung**

# Amtsgericht Pankow
Abteilung für Familiensachen

Amtsgericht Pankow, Kissingenstraße 5-6, 13189 Berlin
22

Rechtsanwälte
Trennung mit Kind
Rudolfplatz 3
50674 Köln

für Rückfragen:
Telefon: 030 90245-159
Telefax: 030 90245-140
Zimmer: A 213
Sie erreichen die zuständige Stelle am besten:
Geschäftsstellen, Info- & Rechtsantragsstelle
Mo.- Fr. 9.00 - 13.00 Uhr
die Info- und Rechtsantragsstelle -bevorzugt für Berufstätige-
Do.: 15.00 - 18.00 Uhr

| **Ihr Zeichen** | **Bitte bei Antwort angeben**<br>**Akten- / Geschäftszeichen** | **Datum** |
|---|---|---|
| 153/26 | 22 F 7135/26 | 13.10.2026 |

Krivokapić, Tadej wg. Herausgabe Kind

Sehr geehrte Damen und Herren Rechtsanwälte,

im oben bezeichneten Verfahren wurde der Anhörungstermin bestimmt auf:

| Wochentag und Datum | Uhrzeit | Zimmer / Etage / Gebäude |
|---|---|---|
| **Donnerstag, 12.11.2026** | **14:30 Uhr** | **Sitzungssaal B 4, Erdgeschoss**<br>**Kissingenstraße 5-6, 13189 Berlin** |

Zu diesem Termin werden Sie hiermit geladen.

Auf die beigefügte Abschrift der **Terminsverfügung wird hingewiesen**. Es wird gebeten, von dieser Kenntnis zu nehmen. **Zur Vermeidung von Nachteilen beachten Sie dort insbesondere die Sie betreffenden Anordnungen, Belehrungen und Hinweise**.

Geben Sie bitte bei allen Schreiben das oben angegebene Geschäftszeichen an und fügen Sie bitte den Schriftsätzen und Anlagen immer die erforderliche Anzahl von Abschriften / Ablichtungen für die/den anderen Beteiligten und deren Verfahrensbevollmächtigte(n) bei.

**Im Gerichtsgebäude finden gegebenenfalls Zugangskontrollen statt, die einige Zeit in Anspruch nehmen können. Um die rechtzeitige Anwesenheit im Termin zu gewährleisten, wird gebeten, mögliche Wartezeiten zu berücksichtigen.**

Informationen zur Verarbeitung Ihrer personenbezogenen Daten finden Sie unter https://www.berlin.de/gerichte/amtsgericht-pankow/. Auf Anfrage übersenden wir diese Informationen auch in Papierform.

Mit freundlichen Grüßen

Auf Anordnung

Knappe, JSekr´in
Urkundsbeamtin der Geschäftsstelle
Dieses Schreiben wurde elektronisch erstellt und ist ohne Unterschrift gültig.

Beglaubigte Abschrift

**Amtsgericht Pankow** Berlin, 13.10.2026

22 F 7135/26

# Verfügung

In der Familiensache

Krivokapić, Tadej wg. Herausgabe Kind

**I.**

**1. Terminsbestimmung**

Anhörungstermin wird bestimmt auf:

| Wochentag und Datum | Uhrzeit | Zimmer / Etage / Gebäude |
|---|---|---|
| **Donnerstag, 12.11.2026** | **14:30 Uhr** | **Sitzungssaal B 4, Erdgeschoss Kissingenstraße 5-6, 13189 Berlin** |

**2. Ladung**

Folgende Verfahrensbeteiligte bzw. deren Verfahrensbevollmächtigte werden hiermit zu diesem Termin geladen:

- Verfahrensbeiständin: Ann-Marie Steiger
- Mutter: Ana Krivokapić
- Mutter und Antragstellerin: Courtney Elizabeth McHill
- Verfahrensbevollmächtigte: Trennung mit Kind

**3. Anordnung des persönlichen Erscheinens**

Das persönliche Erscheinen folgender Verfahrensbeteiligter wird zur Aufklärung des Sachverhalts angeordnet:

- Mutter: Ana Krivokapić
- Mutter und Antragstellerin: Courtney Elizabeth McHill

**Hinweise:**
Die Anordnung des persönlichen Erscheinens zur Aufklärung des Sachverhalts beruht auf § 33 Abs. 1 Satz 1 FamFG. Das persönliche Erscheinen ist auch dann erforderlich, wenn der Beteiligte durch einen Verfahrensbevollmächtigten vertreten ist. Bleibt ein ordnungsgemäß geladener Beteiligter, dessen persönliches Erscheinen zum Termin angeordnet wurde, unentschuldigt im Termin aus, kann gegen ihn durch Beschluss ein Ordnungsgeld verhängt werden (§ 33 Abs. 3 Satz 1 FamFG). Das einzelne Ordnungsgeld kann bis zu 1.000,00 € betragen (§ 33 FamFG i.V.m. Art. 6 Abs. 1 EGStGB). Die Festsetzung des Ordnungsgeldes kann wiederholt werden (§ 33 Abs. 3 Satz 2 FamFG). Im Falle des wiederholten, unentschuldigten Ausbleibens kann die Vorführung des Beteiligten angeordnet werden (§ 33 Abs. 3 Satz 3 FamFG).

Bleibt ein Beteiligter im anberaumten Anhörungstermin unentschuldigt aus, kann das Verfahren auch ohne seine persönliche Anhörung beendet werden (§ 34 Abs. 3 FamFG). Sollte ein Beteiligter den in dieser Ladung angegebenen Aufenthaltsort inzwischen verlassen haben oder vor dem Termin verlassen, wird dieser unter Angabe des Aktenzeichens und des Terminstages um sofortige Bekanntgabe der neuen Anschrift gebeten, damit das Gericht entscheiden kann, ob der Beteiligte trotzdem persönlich erscheinen muss. Wird diese Mitteilung unterlassen, ist nicht damit zu rechnen, dass Mehrkosten einer Anreise erstattet werden. Ergeht bei erfolgter Mitteilung einer neuen Anschrift keine anderslautende Mitteilung, so verbleibt es bei der Ladung zum Termin und der Anordnung des persönlichen Erscheinens.

**4. Anordnungen und Hinweise an die Beteiligten**

Mutter: Ana Krivokapić

Als Anlage wird die bei Gericht eingegangene Antragsschrift zugestellt. Für Familiensachen und für Scheidungsfolgesachen, zum Beispiel Regelung der elterlichen Sorge, des Umgangsrechts, der Ehewohnung, des Haushalts, des Versorgungsausgleichs ist ausschließlich das Familiengericht zuständig. Ist bereits ein solches Verfahren anhängig, wird um Angabe der Geschäftsnummer gebeten.

Wenn dem Antrag bereits vor dem Termin entgegentreten werden soll, ergeht an den Beteiligten die Aufforderung, **zur Antragsschrift unverzüglich schriftlich Stellung zu nehmen.**

Die Stellungnahme kann auch zu Protokoll der Geschäftsstelle des Amtsgerichts oder durch einen von der Beteiligtenseite auszuwählenden Rechtsanwalt abgegeben werden. **Die Vertretung durch einen Rechtsanwalt ist nicht vorgeschrieben.**

Geben Sie bitte bei allen Schreiben das vorstehend aufgeführte Geschäftszeichen an.

Sollte der Beteiligte nach seinen persönlichen und wirtschaftlichen Verhältnissen die Kosten der Verfahrensführung nicht, nur zum Teil oder nur in Raten aufbringen können, dann kann auf Antrag Verfahrenskostenhilfe gewährt und ein Rechtsanwalt beigeordnet werden, wenn die beabsichtigte Rechtsverteidigung Aussicht auf Erfolg bietet und nicht mutwillig erscheint. Die entsprechenden Antragsformulare (erhältlich bei den Rechtsantragstellen der Amtsgerichte) sollten bitte dem Rechtsanwalt vorgelegt werden. Hat der Beteiligte keinen Rechtsanwalt, können die Unterlagen zur Verfahrenskostenhilfe direkt beim Familiengericht unter Angabe der oben genannten Geschäftsnummer eingereicht werden oder der Antrag auf Verfahrenskostenhilfe zu Protokoll der Geschäftsstelle erklärt werden.

Die Angaben über die wirtschaftlichen Verhältnisse (Einkommen, Vermögen, Verbindlichkeiten) müssen durch Belege nachgewiesen oder auf gesondertes Verlangen des Gerichts glaubhaft gemacht werden.

**5. Aufforderung an die Beteiligten:**

Die mit dem Kind in Berlin befindliche Mutter (Antragsgegnerin) wird aufgefordert, binnen 3 Tagen dem Gericht ihre Vorstellungen zum Umgang des Kindes mit der Antragstellerin während des laufenden Verfahrens mitzuteilen, insbesondere zu den Videokontakten. Das Gericht prüft, ob von Amts wegen der Umgang während des laufenden Rückführungsverfahrens im Wege einstweiliger Anordnung zu regeln ist, § 15 IntFamRVG, §§ 49 ff. FamFG entsprechend. Der Antragstellerin wird insbesondere aufgegeben, mitzuteilen, ob und

wenn ja, ab wann sie sich vor der mündlichen Verhandlung in Deutschland aufhält und wann und wie sie sich den Umgang in dieser Zeit vorstellt. Die Antragsgegnerin hat ihre diesbezüglichen Vorstellungen ebenfalls mitzuteilen.

Dr. Rubin
Richter am Amtsgericht

Für die Richtigkeit der Abschrift
Berlin, 13.10.2026

Knappe, JSekr´in
Urkundsbeamtin der Geschäftsstelle

Beglaubigte Abschrift

**Amtsgericht Pankow** Berlin, 13.10.2026

22 F 7135/26

# Verfügung

In der Familiensache

Krivokapić, Tadej wg. Herausgabe Kind

**I.**

**1. Terminsbestimmung**

Anhörungstermin wird bestimmt auf:

| Wochentag und Datum | Uhrzeit | Zimmer / Etage / Gebäude |
|---|---|---|
| **Donnerstag, 12.11.2026** | **14:30 Uhr** | **Sitzungssaal B 4, Erdgeschoss Kissingenstraße 5-6, 13189 Berlin** |

**2. Ladung**

Folgende Verfahrensbeteiligte bzw. deren Verfahrensbevollmächtigte werden hiermit zu diesem Termin geladen:

- Verfahrensbeiständin: Ann-Marie Steiger
- Mutter: Ana Krivokapić
- Mutter und Antragstellerin: Courtney Elizabeth McHill
- Verfahrensbevollmächtigte: Trennung mit Kind

**3. Anordnung des persönlichen Erscheinens**

Das persönliche Erscheinen folgender Verfahrensbeteiligter wird zur Aufklärung des Sachverhalts angeordnet:

- Mutter: Ana Krivokapić
- Mutter und Antragstellerin: Courtney Elizabeth McHill

**Hinweise:**
Die Anordnung des persönlichen Erscheinens zur Aufklärung des Sachverhalts beruht auf § 33 Abs. 1 Satz 1 FamFG. Das persönliche Erscheinen ist auch dann erforderlich, wenn der Beteiligte durch einen Verfahrensbevollmächtigten vertreten ist. Bleibt ein ordnungsgemäß geladener Beteiligter, dessen persönliches Erscheinen zum Termin angeordnet wurde, unentschuldigt im Termin aus, kann gegen ihn durch Beschluss ein Ordnungsgeld verhängt werden (§ 33 Abs. 3 Satz 1 FamFG). Das einzelne Ordnungsgeld kann bis zu 1.000,00 € betragen (§ 33 FamFG i.V.m. Art. 6 Abs. 1 EGStGB). Die Festsetzung des Ordnungsgeldes kann wiederholt werden (§ 33 Abs. 3 Satz 2 FamFG). Im Falle des wiederholten, unentschuldigten Ausbleibens kann die Vorführung des Beteiligten angeordnet werden (§ 33 Abs. 3 Satz 3 FamFG).

Bleibt ein Beteiligter im anberaumten Anhörungstermin unentschuldigt aus, kann das Verfahren auch ohne seine persönliche Anhörung beendet werden (§ 34 Abs. 3 FamFG). Sollte ein Beteiligter den in dieser Ladung angegebenen Aufenthaltsort inzwischen verlassen haben oder vor dem Termin verlassen, wird dieser unter Angabe des Aktenzeichens und des Terminstages um sofortige Bekanntgabe der neuen Anschrift gebeten, damit das Gericht entscheiden kann, ob der Beteiligte trotzdem persönlich erscheinen muss. Wird diese Mitteilung unterlassen, ist nicht damit zu rechnen, dass Mehrkosten einer Anreise erstattet werden. Ergeht bei erfolgter Mitteilung einer neuen Anschrift keine anderslautende Mitteilung, so verbleibt es bei der Ladung zum Termin und der Anordnung des persönlichen Erscheinens.

**4. Anordnungen und Hinweise an die Beteiligten**

Mutter: Ana Krivokapić

Als Anlage wird die bei Gericht eingegangene Antragsschrift zugestellt. Für Familiensachen und für Scheidungsfolgesachen, zum Beispiel Regelung der elterlichen Sorge, des Umgangsrechts, der Ehewohnung, des Haushalts, des Versorgungsausgleichs ist ausschließlich das Familiengericht zuständig. Ist bereits ein solches Verfahren anhängig, wird um Angabe der Geschäftsnummer gebeten.

Wenn dem Antrag bereits vor dem Termin entgegentreten werden soll, ergeht an den Beteiligten die Aufforderung, **zur Antragsschrift unverzüglich schriftlich Stellung zu nehmen.**

Die Stellungnahme kann auch zu Protokoll der Geschäftsstelle des Amtsgerichts oder durch einen von der Beteiligtenseite auszuwählenden Rechtsanwalt abgegeben werden. **Die Vertretung durch einen Rechtsanwalt ist nicht vorgeschrieben.**

Geben Sie bitte bei allen Schreiben das vorstehend aufgeführte Geschäftszeichen an.

Sollte der Beteiligte nach seinen persönlichen und wirtschaftlichen Verhältnissen die Kosten der Verfahrensführung nicht, nur zum Teil oder nur in Raten aufbringen können, dann kann auf Antrag Verfahrenskostenhilfe gewährt und ein Rechtsanwalt beigeordnet werden, wenn die beabsichtigte Rechtsverteidigung Aussicht auf Erfolg bietet und nicht mutwillig erscheint. Die entsprechenden Antragsformulare (erhältlich bei den Rechtsantragstellen der Amtsgerichte) sollten bitte dem Rechtsanwalt vorgelegt werden. Hat der Beteiligte keinen Rechtsanwalt, können die Unterlagen zur Verfahrenskostenhilfe direkt beim Familiengericht unter Angabe der oben genannten Geschäftsnummer eingereicht werden oder der Antrag auf Verfahrenskostenhilfe zu Protokoll der Geschäftsstelle erklärt werden.

Die Angaben über die wirtschaftlichen Verhältnisse (Einkommen, Vermögen, Verbindlichkeiten) müssen durch Belege nachgewiesen oder auf gesondertes Verlangen des Gerichts glaubhaft gemacht werden.

**5. Aufforderung an die Beteiligten:**

Die mit dem Kind in Berlin befindliche Mutter (Antragsgegnerin) wird aufgefordert, binnen 3 Tagen dem Gericht ihre Vorstellungen zum Umgang des Kindes mit der Antragstellerin während des laufenden Verfahrens mitzuteilen, insbesondere zu den Videokontakten. Das Gericht prüft, ob von Amts wegen der Umgang während des laufenden Rückführungsverfahrens im Wege einstweiliger Anordnung zu regeln ist, § 15 IntFamRVG, §§ 49 ff. FamFG entsprechend. Der Antragstellerin wird insbesondere aufgegeben, mitzuteilen, ob und

wenn ja, ab wann sie sich vor der mündlichen Verhandlung in Deutschland aufhält und wann und wie sie sich den Umgang in dieser Zeit vorstellt. Die Antragsgegnerin hat ihre diesbezüglichen Vorstellungen ebenfalls mitzuteilen.

Dr. Rubin
Richter am Amtsgericht

Für die Richtigkeit der Abschrift
Berlin, 13.10.2026

Knappe, JSekr´in
Urkundsbeamtin der Geschäftsstelle